UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, and KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

The Court now considers Defendants' Motion to Dismiss.

## FACTS

Plaintiff DaimlerChrysler Services North America, LLC ("DCSNA") is a limited liability company whose sole member, DaimlerChrysler Corporation ("DCC"), is a Delaware citizen. Its sole member is DaimlerChrysler Corporation ("DCC").

In its complaint, DCSNA alleges that while DCC conducts business in Illinois, DCSNA is incorporated in Delaware and has its

1

principal place of business in Michigan. DCSNA also claims that the Defendants have caused it to suffer damages in excess of $75,000.

Because the Defendants are all citizens of Illinois, DCSNA has invoked diversity jurisdiction pursuant to 28 U.S.C. §1332. The Defendants argue that diversity jurisdiction does not exist because DCSNA is an Illinois citizen by virtue of the business DCC conducts there.

## STANDARD OF REVIEW

When a district court assesses a motion to dismiss, it views the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." See <u>Lee v. City of Chicago</u>, 330 F.3d 456, 459 (7th Cir.2003). A motion to dismiss can be allowed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## ANALYSIS

"Under the rule of complete diversity, if there are residents of the

same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party." Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993). The diversity statute deems a corporation a citizen of any state in which it is incorporated and also of the state in which it has its principal place of business. 28 U.S.C. § 1332(c). This circuit defines principal place of business as the place where the corporation has its nerve center. See Krueger, 996 F.2d at 931.

Limited liability companies are citizens of every state of which any member is a citizen. See Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692 (7th Cir. 2003)(citation omitted). Because DCSNA is a limited liability company whose sole member, DCC, conducted business in Illinois, diversity cannot exist if DCC was DCSNA's nerve center.

Ordinarily, a business' nerve center is found where the corporation has its headquarters. See Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). Additionally, a court may consider: (1) where important corporate decisions are made; (2)

where the corporation's general counsel, directors, officers and shareholders are located; and (3) where the corporation is funded and where the corporation's primary bank account exists. See Chamberlain Mfg. Corp. v. Maremont Corp., 828 F.Supp. 589, 591 (N.D.Ill. 1993), citing Ratner v. Hecht, 621 F.Supp. 378, 380 (N.D.Ill.1985).

DCC is headquartered in Auburn Hills, Michigan. Logically, that is where DCC makes important corporate decisions. Additionally, DCC has submitted affidavits stating that its general counsel and corporate directors are located in Michigan and that its controller and treasury are also located there as well. Based on these facts, the Court concludes that DCC's principal place of business is in Michigan and that the parties are, therefore, completely diverse under §1332(c).

Ergo, Defendants' Motion to Dismiss (d/e 6) is DENIED.

ENTER: September 16, 2004

IT IS SO ORDERED.

FOR THE COURT

s/ Richard Mills
United States District Judge