E-FILED
Tuesday, 19 October, 2004  04:42:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAIMLERCHRYSLER SERVICES, NORTH AMERICA, LLC | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No.: 04-3113 ) |
| DAVIS TRUCK SERVICE, LLC, E. KAY DAVIS and KARL G. DAVIS, | ) ) ) ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

NOW COME the Defendants, DAVIS TRUCK SERVICE, LLC, E. KAY DAVIS and KARL G. DAVIS, by and through their attorneys, SCOTT & SCOTT, P.C., and for their Answer to Plaintiff's Complaint state as follows:

### Parties

1. Defendants can neither admit nor deny the allegations contained in paragraph 1 of said Complaint.

2. Defendants can neither admit nor deny the allegations contained in paragraph 2 of said Complaint.

3. Defendants can neither admit nor deny the allegations contained in paragraph 3 of said Complaint.

4. Defendants can neither admit nor deny the allegations contained in paragraph 4 of said Complaint.

5. Defendants admit the allegations contained in paragraph 5 of said Complaint.

6. Defendants admit the allegations contained in paragraph 6 of said Complaint.

7. Defendants admit the allegations contained in paragraph 7 of said Complaint.

### Jurisdiction and Venue

8. Defendants can neither admit nor deny the allegations contained in paragraph 8 of said Complaint.

9. Defendants admit the allegations contained in paragraph 9 of said Complaint.

### General Allegations

10. Defendants admit the allegations contained in paragraph 10 of said Complaint.

### The OTS Financing Agreements

11. Defendants admit the allegations contained in paragraph 11 of said Complaint.

12. Defendants admit the allegations contained in paragraph 12 of said Complaint.

13. Defendants admit the allegations contained in paragraph 13 of said Complaint.

14. Defendants admit the allegations contained in paragraph 14 of said Complaint.

15. Defendants admit the allegations contained in paragraph 15 of said Complaint.

16. Defendants admit the allegations contained in paragraph 16 of said Complaint.

17. Defendants admit the allegations contained in paragraph 17 of said Complaint.

18. Defendants admit the allegations contained in paragraph 18 of said Complaint.

19. Defendants admit the allegations contained in paragraph 19 of said Complaint.

20. Defendants admit the allegations contained in paragraph 20 of said Complaint.

21. Defendants admit the allegations contained in paragraph 21 of said Complaint.

22. Defendants admit the allegations contained in paragraph 22 of said Complaint.

23. Defendants admit the allegations contained in paragraph 23 of said Complaint.

24. Defendants admit the allegations contained in paragraph 24 of said Complaint.

25. Defendants admit the allegations contained in paragraph 25 of said Complaint.

26. Defendants admit the allegations contained in paragraph 26of said Complaint.

27. Defendants admit the allegations contained in paragraph 27 of said Complaint.

**Continuing Guarantees**

28. Defendants admit the allegations contained in paragraph 28 of said Complaint.

29. Defendants can neither admit nor deny the allegations contained in paragraph 29 of said Complaint.

30. Defendants can neither admit nor deny the allegations contained in paragraph 29 of said Complaint.

31. Defendants can neither admit nor deny the allegations contained in paragraph 29 of said Complaint.

32. Defendants admit the allegations contained in paragraph 32 of said Complaint.

33. Defendants can neither admit nor deny the allegations contained in paragraph 33 of said Complaint.

34. Defendants admit the allegations contained in paragraph 34 of said Complaint.

35. Defendants deny the allegations contained in paragraph 35 of said Complaint.

36. Defendants can neither admit nor deny the allegations contained in paragraph 36 of said Complaint.

37. Defendants deny the allegations contained in paragraph 37 of said Complaint.

38. Defendants admit the allegations contained in paragraph 38 of said Complaint.

39. Defendants admit the allegations contained in paragraph 39 of said Complaint.

40. Defendants can neither admit nor deny the allegations contained in paragraph 40 of said Complaint.

41. Defendants deny the allegations contained in paragraph 41 of said Complaint.

### Count I – Breach of Contract

42. Defendants can neither admit nor deny the allegations contained in paragraph 42 of said Complaint.

43. Defendants deny the allegations contained in paragraph 43 of said Complaint.

44. Defendants can neither admit nor deny the allegations contained in paragraph 44 of said Complaint.

45. Defendants deny the allegations contained in paragraph of 45 of said Complaint.

46. Defendants can neither admit nor deny the allegations contained in paragraph 46 of said Complaint.

47. Defendants admit the allegations contained in paragraph 47 of said Complaint.

48. Defendants deny the allegations contained in paragraph 48 of said Complaint.

49. Defendants deny the allegations contained in paragraph 49 of said Complaint.

50. Defendants deny the allegations contained in paragraph 59 of said Complaint.

WHEREFORE, Defendants, DAVIS TRUCK SERVICES, INC., E. KAY DAVIS and KARL G. DAVIS, pray this Honorable Court:

A.   Deny the relief requested by Plaintiff; and

B.   Dismiss this action with prejudice.

### Count II – Action on Account

51. Defendants can neither admit nor deny the allegations contained in paragraph 51 of said Complaint.

52. Defendants admit the allegations contained in paragraph 52 of said Complaint.

53. Defendants admit the allegations contained in paragraph 53 of said Complaint.

54. Defendants can neither admit nor deny the allegations contained in paragraph 54 of said Complaint.

55. Defendants deny the allegations contained in paragraph 55 of said Complaint.

56. Defendants deny the allegations contained in paragraph 56 of said Complaint.

57. Defendants deny the allegations contained in paragraph 56 of said Complaint.

58. Defendants deny the allegations contained in paragraph 58 of said Complaint.

59. Defendants deny the allegations contained in paragraph 59 of said Complaint.

WHEREFORE, Defendants, DAVIS TRUCK SERVICES, INC., E. KAY DAVIS and KARL G. DAVIS, pray this Honorable Court:

A. Deny the relief requested by Plaintiff; and

B. Dismiss this action with prejudice.

### Count III – Action on Kay Davis Guaranty

60. Defendants can neither admit nor deny the allegations contained in paragraph 60 of said Complaint.

61. Defendants can neither admit nor deny the allegations contained in paragraph 61 of said Complaint.

62. Defendants can neither admit nor deny the allegations contained in paragraph 62 of said Complaint.

63. Defendants can neither admit nor deny the allegations contained in paragraph 63 of said Complaint.

64. Defendants deny the allegations contained in paragraph 64 of said Complaint.

65. Defendants deny the allegations contained in paragraph 65 of said Complaint.

66. Defendants deny the allegations contained in paragraph 66 of said Complaint.

67. Defendants can neither admit nor deny the allegations contained in paragraph 67 of said Complaint.

68. Defendants deny the allegations contained in paragraph 68 of said Complaint.

69. Defendants deny the allegations contained in paragraph 69 of said Complaint.

WHEREFORE, Defendants, DAVIS TRUCK SERVICES, INC., E. KAY DAVIS and KARL G. DAVIS, pray this Honorable Court:

A. Deny the relief requested by Plaintiff; and

B. Dismiss this action with prejudice.

### Count IV – Action and Continuing Personal Guaranty

70. Defendants can neither admit nor deny the allegations contained in paragraph 70 of said Complaint.

71. Defendants can neither admit nor deny the allegations contained in paragraph 71 of said Complaint.

72. Defendants can neither admit nor deny the allegations contained in paragraph 72 of said Complaint.

73. Defendants can neither admit nor deny the allegations contained in paragraph 73 of said Complaint.

74. Defendants deny the allegations contained in paragraph 74 of said Complaint.

75. Defendants deny the allegations contained in paragraph 75 of said Complaint.

76. Defendants deny the allegations contained in paragraph 76 of said Complaint.

77. Defendants deny the allegations contained in paragraph 77 of said Complaint.

78. Defendants deny the allegations contained in paragraph 78 of said Complaint.

79. Defendants deny the allegations contained in paragraph 79 of said Complaint.

WHEREFORE, Defendants, DAVIS TRUCK SERVICES, INC., E. KAY DAVIS and KARL G. DAVIS, pray this Honorable Court:

A. Deny the relief requested by Plaintiff; and

B. Dismiss this action with prejudice.

### First Affirmative Defense

1. Plaintiff, Daimler Chrysler, had a security interest in the subject property as set forth in Plaintiff's Complaint. (See Plaintiff's Complaint p. 11-27.)

2. Upon knowledge and belief, Plaintiff has disposed of the subject second collateral.

3. Pursuant to the Uniform Commercial Code Article IX Section 611, Plaintiff was required to send Defendant authenticated notification prior to disposition of said secured collateral.

4.	Plaintiff failed to supply Defendant with the aforementioned authenticated notification of disposition of collateral.

5.	Upon knowledge and belief the subject collateral has been disposed of in violation of Uniform Commercial Code 9-611.  Further, Defendants have never been supplied with an accounting of other proof of disposition.

6.	Plaintiff's failure to provide notice to the Defendant has substantially harmed Defendant's rights, including but not limited to rights of redemption under Article IX § 623.

WHEREFORE, Defendants, DAVIS TRUCK SERVICES, INC., E. KAY DAVIS and KARL G. DAVIS, request this Honorable Court:

A.	Dismiss Plaintiff's Complaint with prejudice.

B.	For such other, further and different relief as the Court deems just.

### Second Affirmative Defense

1.	Upon knowledge and belief secured party disposed of the subject collateral resulting in a deficiency of approximately $491,338.89.

2.	Pursuant to the Uniform Commercial Code all disposition of secured property must be done in a commercially reasonable manner.

3.	Plaintiff failed to conduct the disposition of the second collateral in a commercially reasonable manner.  The aforementioned deficiency is the result of a commercially unreasonable sale of the secured collateral.  As such, the Defendants liability regarding said deficiency should be held void.

WHEREFORE, Defendants, DAVIS TRUCK SERVICES, INC., E. KAY DAVIS and KARL G. DAVIS, request this Honorable Court:

A. To dismiss Plaintiff's Complaint with prejudice.

B. For such other, further and different relief as the Court deems just.

Respectfully submitted,

DAVIS TRUCK SERVICES, INC.,
E. KAY DAVIS and KARL G. DAVIS,
Defendants,

By:   s/ Howard A. Peters IV
Howard A. Peters IV (06275688)
SCOTT & SCOTT, P.C.
Attorneys at Law
611 E. Monroe - Suite 200
Springfield, IL  62701
(217) 753-8200

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss |
| COUNTY OF SANGAMON | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on **October 19, 2004,** I electronically filed the foregoing with the Clerk of the United States District Court – Central District using the CM/ECF system which will send notification of such filing to the following: **William R. Bay,** and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Francis X. Buckley
One Mercantile Center
Suite 3300
St. Louis, MO  63101


                                        s/   Janet M. Smith