IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR EXTENSION OF TIME TO DISCLOSE CONTROLLED
EXPERT WITNESS PURSUANT TO RULE 26(a)(2)**

## I.     INTRODUCTION

Plaintiff DaimlerChrysler Services North America LLC ("Chrysler Financial") opposes Defendants' request for an extension of time to disclose expert witnesses.

Defendants provide no "good cause" explanation for their eleventh hour request (filed on the due date for Defendants' expert disclosures). That is because Defendants cannot meet the exacting standard of demonstrating due diligence and an inability to comply with the Court's Order. As previously explained during the October 2004 Rule 16 conference, the case is not complex and does not merit a lengthy discovery schedule. Chrysler Financial timely disclosed one expert on February 25, 2005. Chrysler Financial's expert opines solely on an issue raised by Defendants' affirmative defenses on commercial reasonableness. Specifically, he opines that Chrysler Financial sold the secured equipment in a commercially reasonable manner. Despite full knowledge that commercial reasonableness would be an issue in the case (indeed, one that Defendants raised over five months ago), agreeing to the scheduling order in place, and timely

3099999

receiving Chrysler Financial's expert disclosure pertaining to a discrete and limited subject, Defendants evidently have yet to even retain an expert prior to their expert disclosure deadline in the case. In light of the fact the issue of commercial reasonableness was raised by Defendants and presumably supported by a good faith belief, it is difficult to understand a complete failure to retain an expert. This is hardly in compliance with the "due diligence" standard.[1]

An extension of time will prejudice Chrysler Financial. Specifically, an extension of Defendants' expert deadline will leave Chrysler Financial with inadequate time to complete discovery or otherwise necessitate wholesale changes to the Scheduling Order agreed to by all parties and entered by the Court in the fall of 2004.

This Court should not hesitate to deny Defendants' motion to untimely disclose their expert witness(es) by modifying the Court's Scheduling Order.

## II.    ARGUMENT

### A.    Procedural History

The parties consulted and submitted a joint proposed scheduling order to the Court in October 2004. The parties agreed at the time of such discussions that the case lacked factual and legal complexity that would necessitate a lengthy discovery schedule or extended trial date. The parties similarly conveyed this message to the Court during the October 2004 Rule 16 conference. Presumably based on the representations of counsel for the parties and its own approval of the schedule jointly proposed, this Court entered the Scheduling Order on October 19, 2004.

---

[1] Forty-eight hours before the deadline for Defendants to disclose an expert, counsel for Defendants left a voicemail with counsel for Chrysler Financial in the late afternoon on March 23, 2005. Chrysler Financial's counsel tried to return the call that night, with no success, and followed up with a return call the next morning. Chrysler Financial indicated a willingness to agree to a brief extension of time should Defendants need until early the week of March 28, 2005 to serve the report. Upon learning that Defendants had not even retained an expert and sought a multiple week extension, Chrysler Financial's counsel explained that Chrysler Financial would oppose such a time extension.

The Scheduling Order set deadlines pursuant to which the parties were required to comply. Among those deadlines are the dates to serve initial disclosures, to serve expert reports, to complete discovery, and to file dispositive motions. Chrysler Financial has complied with all Court imposed deadlines.[2]

On February 25, 2005, Chrysler Financial disclosed its expert witness and his Rule 26 expert report. That expert, Michael Cox of Asset Appraisal Services, opines on a discrete and limited topic – the commercial reasonableness of the sales of vehicle collateral. In compliance with the Court's Scheduling Order, Chrysler Financial immediately provided several alternative dates on which Mr. Cox would be available for deposition. Defendants' counsel failed to timely select a deposition date and the parties subsequently agreed that Mr. Cox would be made available for deposition on April 13, 2005.[3] In fact, Chrysler Financial believed no expert testimony would be required in the case until Defendants raised commercial reasonableness as an affirmative defense in their answer.

Before March 23, 2005, counsel for Chrysler Financial heard nary a mention about the need for additional time for Defendants' expert disclosures despite repeated conversations among counsel pertaining to other issues in the case (among them, the scheduling of depositions and certain discovery disputes, including that detailed in Chrysler Financial's motion to compel).

---

[2] Because of the due diligence standard imposed under the rules, it at least deserves mention that Defendants' current failure to adhere to the Scheduling Order is not an isolated incident. Chrysler Financial's counsel had to contact opposing counsel to obtain Defendants' Rule 26(a) initial disclosures long after their due date (over two months). Similarly, Chrysler Financial has this day filed a *Motion to Compel* certain discovery responses that have not timely been forthcoming despite repeated assurances to the contrary by Defendants. While previous and current discovery disputes are not directly germane to the expert deadlines, they are relevant to demonstrate that Defendants have lacked diligence in complying with required deadlines.

[3] Defendants' counsel did not contact Chrysler Financial's counsel about such a deposition until March 11, 2005, the day upon which the expert deposition was to be completed. It is unclear why counsel could not take Mr. Cox's deposition on the dates offered in compliance with the Scheduling Order.

When counsel discussed this on March 24, 2005, counsel for Chrysler Financial inquired into the justification for the extension and the amount of time needed. When it became clear that Defendants' had not yet retained an expert and were requesting weeks instead of days, it was explained that consent would not be forthcoming from Chrysler Financial.

### B. Applicable Standard

Under Rule 16(b), a scheduling order should be amended only if "good cause" exists, *i.e.*, only if the movant can meet the exacting standard of demonstrating that it could not have complied with the scheduling order despite the exercise of due diligence. Fed. R. Civ. P 16(b); Fed. R. Civ. P. 16 advisory committee notes (1983 amendment); WRIGHT & MILLER, 6A Fed. Prac. & Proc. Civ. 2d § 1522.1 (2005); *United States v. 1948 South Martin Luther King*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("If a party misses a deadline, the schedule shall not be modified except upon a showing of good cause and by leave of the district judge."); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment").

While the existence or degree of prejudice to a party opposing a modification might supply additional reasons for denial, the focus of the Court's inquiry should be upon the moving party's reasons for seeking modification. *Mammoth Recreations,* 975 F.2d. at 609. If no finding of diligence can be made, the inquiry should end. *Id.* This Court has mandated incorporation of the above reading of Federal Rule of Civil Procedure 16(b) by adoption of its local rules, which explicitly state, **"[t]he parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates."** CDIL-LR 16(D) (emphasis added).

Defendants cannot meet the exacting standard and have not demonstrated diligence in

obtaining an expert or otherwise shown "good cause."

### C.  Defendants Have Not Demonstrated Diligence or Shown "Good Cause"

Defendants have not offered this Court any evidence demonstrating that good cause exists to amend the scheduling order. In fact, Defendants have failed to offer explanation as to why their compliance with the scheduling order was impossible or what efforts were made to comply. Defendants' last minute attempt to modify the Scheduling Order without good cause should not be granted.

Defendants merely seek to excuse their own lack of diligence by asserting that additional time is necessary because Defendants are "small business owners" and are having difficulty locating an expert willing to testify against Plaintiff because Plaintiff is a large company with "a significant presence in the trucking industry." The excuses offered by Defendants are not sufficient to warrant an extension of the Court's Scheduling Order because they do not satisfy the due diligence standard.

David and Goliath histrionics aside, Chrysler Financial loaned Defendants significant monies that it now seeks to collect because of Defendants' repeated defaults on the debt due and owing.[4] Chrysler Financial disclosed one expert on a discrete topic, raised months ago by Defendants in the lawsuit. Conspicuously absent from Defendants' motion is any explanation as to what efforts were made to obtain an expert after Chrysler Financial's timely disclosure.

Defendants provide absolutely no explanation of efforts, if any, that they have made to

---

[4] Despite Defendants' "small business" self-description, Defendants were apparently large enough to initially borrow substantial monies from Chrysler Financial. When Chrysler Financial was forced to initiate this litigation, Defendants felt inclined to cause all involved to incur substantial legal fees based on the filing of a motion to dismiss for lack of jurisdiction, which this Court properly denied. Regardless, it is unclear why the size of Defendants' business would prevent them from finding an expert witness on a single limited topic that they raised in this litigation. There are not different standards and rules dependent upon the size of the litigant. If the litigant with the lesser net worth were systematically excused of its obligations under the Federal Rules of Civil Procedure and Local Rules of this Court, a significant injustice would occur and wreak havoc with our court systems.

obtain an expert or when those efforts began. The logical inference is that an adequate description will not legitimize Defendants' extension efforts, but instead dictate denial of their motion. As movants, Defendants bear the burden of explaining to the Court how non-compliance with the present Order occurred despite their reasonable and diligent efforts. They have not. The inquiry should end here, and the Court should deny the motion.

**D.    Defendants Had Ample Time to Retain An Expert**

Defendants have no good faith basis for requesting additional time to disclose an expert. The sole topic on which Defendants seek to retain an expert witness, i.e., whether the sales of the units were commercially reasonable, has been known to Defendants for at least five (5) months, when Defendants filed their Answer and Affirmative Defenses. Having injected the issue in the case, Defendants have long known that an expert witness may be necessary on the issue of commercial reasonableness.

Further, Chrysler Financial timely disclosed its expert report on February 25, 2005, providing Defendants with a month after the disclosure to find a counter-expert if they so desired. If such an expert could not be found in a month, it is unclear why three additional weeks will provide Defendants with the necessary time to both find such an expert and produce an expert report. The only explanation for additional time can be that Defendants did not begin their search until the disclosure deadline was fast approaching or more likely upon them. Defendants' counsel did not contact Chrysler Financial's counsel about the requested extension until two days before the March 25, 2005 due date.

Further, the complexity (or lack thereof) of the issues involved in this litigation has been an issue of agreement for months. Defendants agreed to the discovery track for this litigation in the Joint Proposed Discovery Plan submitted to the Court. This Court approved the proposed plan

on October 19, 2004, and Defendants again agreed to the discovery track during the parties' Scheduling Conference. Nothing has changed since the Court entered its Scheduling Order. The issues involved in this litigation are exactly the same as they were in the Fall of 2004. If Defendants anticipated difficulty complying with the agreed to deadlines, they could have long ago sought modification. The time for requesting a modification of the discovery deadlines has passed, and Defendants offer this Court no justifiable reason for a modification with only 7 weeks left before the discovery cut-off period.

There is no justifiable reason for Defendants' lack of diligence in locating an expert witness to prove up its affirmative defense.

### E.     Chrysler Financial Will Be Prejudiced By the Extension Sought

Chrysler Financial would be prejudiced if Defendants' motion were granted. As stated above, discovery in this litigation is set to end in approximately seven (7) weeks. If Defendants' motion were granted, Chrysler Financial would be left with something shy of a month to subpoena any additional documentation related to the expert(s), prepare for and take the deposition of Defendants' expert(s), designate a possible rebuttal expert, and follow up on any remaining issues related to the late disclosure of the expert or experts. Chrysler Financial would be prejudiced if it were forced to squeeze this remaining discovery into less than 4 weeks. Chrysler Financial also intends to timely file a dispositive motion in this lawsuit. The additional delay may prejudice Chrysler Financial's efforts to seek summary disposition of this matter in the immediate future and in compliance with the Court's Scheduling Order.

Further, Chrysler Financial is opposed to any additional modification of the Scheduling Order (including the discovery cut-off or other amendment of other deadlines, none of which were sought by Defendants' motion) to accommodate Defendants' dilatory efforts. The parties

agreed to the Scheduling Order nearly six months ago and the Court approved the Scheduling Order on October 19, 2004. Chrysler Financial respectfully requests that the Court keep the current scheduling order in place, including the expert disclosure deadlines. Defendants have provided no explanation (or even requested) changes to the entirety of the scheduling order. Grant of either the extension sought or other change in the dates imposed by the Scheduling Order will encourage rather than dissuade the tactics employed by Defendants, all in contravention of the Federal Rules and Local Rules of the Court.

### III.    CONCLUSION

Chrysler Financial respectfully requests this Court enter an Order denying Defendants' Motion for an extension of time to extend their expert disclosure deadline, and granting such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP

/s/ William R. Bay
William R. Bay # 06181670
Francis X. Buckley, Jr. # 06185143
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701

                                                   /s/  William R. Bay
