IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION AND MEMORANDUM TO RECONSIDER
MARCH 29, 2005 ORDER GRANTING DEFENDANTS'
<u>MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT</u>**

COMES NOW Plaintiff, Daimler Chrysler Services North America LLC ("Chrysler Financial"), and respectfully requests the Court reconsider its March 29, 2005 Order granting the Defendants' motion to extend their time to disclose a controlled expert witness pursuant to Rule 26(a)(2). In support thereof, Chrysler Financial states:

1.　Counsel for Defendants consulted with counsel for Chrysler Financial on March 24, 2005 about the requested extension. At that time, Chrysler Financial's counsel raised an objection to the extension sought.

2.　Defendants filed their motion for extension on March 25, 2005, the due date for their expert disclosures.

3.　Defendants' motion did not advise the Court that Chrysler Financial had objection to the motion.

4.　Chrysler Financial prepared a memorandum in opposition and timely filed same, in accordance with CDIL-LR 7.1 (permitting 14 days after service of a motion to file an opposition),

3100402

electronically at 10:59 a.m. on March 29, 2005, less than two business days after the filing of Defendants' motion.

5. Unbeknownst to counsel for Chrysler Financial at the time of such filing, the Court had two minutes earlier filed a Text Order granting Defendants' motion and extending the deadline for Defendants' expert disclosure to April 15, 2005.

6. Chrysler Financial is uncertain whether the Court realized that it had objection to Defendants' motion and thus, seeks reconsideration.

7. CDIL-LR 6.1 states in relevant part that motions for extensions of time "must state whether opposing counsel has objection to the motion." Also, CDIL-LR 6.1 requires motions to extend be filed before the deadline.

8. Defendants filed their motion on the deadline and failed to inform the Court that Chrysler Financial had objection to the motion. Thus, it appears the Court may not have been aware of the objection at the time it issued its Text Order.

9. Chrysler Financial believes that Defendants have failed to demonstrate a good faith effort to comply with the current Scheduling Order in accordance with the rules of this Court and based on its objection to the motion seeks reconsideration of this Court's Text Order of March 29, 2005 for the reasons set forth in its opposition memorandum.

WHEREFORE, Plaintiff DaimlerChrysler Services North America LLC respectfully requests that this Honorable Court reconsider its Order extending the motion filed by Defendants to extend their time to disclose controlled expert witness pursuant to Rule 26(a)(2), and grant such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP


 /s/ William R. Bay
William R. Bay # 06181670
Francis X. Buckley, Jr. # 06185143
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

**CERTIFICATE OF SERVICE**

 I hereby certify that on March 29, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701


  /s/  William R. Bay