IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS' RESPONSES TO INTERROGATORIES
AND REQUESTS FOR PRODUCTION**

COMES NOW Plaintiff, DaimlerChrysler Services North America LLC ("DCSNA"), and pursuant to Rules 33, 34, and 37 of the Federal Rules of Civil Procedure respectfully requests the Court enter an Order compelling Defendants Davis Truck Services, Inc., E. Kay Davis and Karl G. Davis (collectively, "Defendants") to comply with the discovery propounded by DCSNA by responding to interrogatories and producing the documents requested. In support thereof, DCSNA states as follows:

1. DCSNA seeks an order from this Court compelling Defendants to respond to Plaintiff's First Set of Interrogatories and First Request for Production. Defendants have failed to respond to these discovery requests.

2. On February 11, 2005, DCSNA propounded its First Set of Interrogatories and First Request for Production directed to Defendants. True and accurate copies are attached hereto as Exhibits 1 and 2.

3098373

3. Under the Federal Rules of Civil Procedure, Defendants were required to respond to these discovery requests or otherwise object by March 14, 2005. FED. R. CIV. P. 33 and 34.

4. On or about March 11, 2005, during a conversation between counsel for the parties about an unrelated discovery matter, counsel for Defendants advised counsel for DCSNA that Defendants' responses to discovery would be forthcoming no later than March 15, 2005. See Declaration of Mona Lawton, Exhibits 3 and 3A.

5. Defendants failed to respond to the outstanding discovery by March 14 or 15, 2005, and did not contact counsel for DCSNA to request a further extension. Exhibit 3.

6. On or about March 15, 2005, DCSNA's counsel again inquired into the status of the outstanding discovery. See *Letter to Howard Peters dated March 15, 2005*, attached hereto as Exhibit 4. Defendants' counsel advised that Defendants were still in the process of responding and requested additional time to respond. Exhibit 3.

7. By agreement between the parties, Defendants were again granted an extension until and including March 21, 2005, in which to respond to the interrogatories and produce the requested documents. Exhibits 3 and 3B.

8. Defendants failed to respond to the outstanding discovery by March 21, 2005, and once again did not contact counsel for DCSNA to request a further extension or otherwise advised that the discovery responses would not be forthcoming as agreed. Exhibit 3.

9. On March 24, 2005, DCSNA's counsel made yet another inquiry into the status of the outstanding discovery, stating that it would need to move to compel discovery if the discovery was not forthcoming immediately. See Declaration of Matthew Darrough, attached as Exhibit 5. At that time, counsel for Defendants stated that the propounded discovery was still incomplete.

Exhibit 5  Counsel for Defendants could not provide a date certain on which the outstanding discovery responses would be provided.  Exhibit 5.

10.    Responses to the interrogatories and production of the documents sought by DCSNA are necessary to effectively proceed with further discovery in this matter.

11.    The depositions of Defendants are tentatively scheduled for the first week of April 2005.  Receipt and review of Defendants' outstanding discovery requests with sufficient time to review them prior to Defendants' depositions is vital to DCSNA's ability to prosecute its case against Defendants.

12.    DCSNA has been and will be prejudiced by Defendants' failure to respond to the outstanding discovery.  Indeed, the Scheduling Order imposes a cut-off for all discovery in approximately seven (7) weeks.

13.    Counsel for DCSNA made good faith efforts to confer and resolve this discovery dispute, but has been unsuccessful.  See Exhibits 3-5.  To date, counsel for DCSNA has not received responses to the outstanding discovery or otherwise heard from Defendants' counsel regarding anticipated completion and service of the overdue discovery.  DCSNA has incurred fees and costs associated with bringing this issue before the Court.

14.    DCSNA is not desirous of extending Court imposed deadlines, simply obtaining the discovery responses to which it is entitled to proceed with the scheduling order in place.

WHEREFORE, Plaintiff Daimler Chrysler Services North America respectfully requests this Court enter an Order compelling Defendants Davis Truck Services, Inc., E. Kay Davis and Karl G. Davis to fully and completely respond, without objection, to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production within 3 days, and granting such other and further relief as this Court deems just and proper in the circumstances.

                          Respectfully submitted,

                          THOMPSON COBURN LLP

                          /s/ William R. Bay
                          William R. Bay # 06181670
                          Francis X. Buckley, Jr. # 06185143
                          One US Bank Plaza
                          St. Louis, Missouri 63101
                          (314) 552-6000
                          (314) 552-7000 Fax

                          Attorneys for Plaintiff
                          DaimlerChrysler Services North America LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701


                          /s/  William R. Bay