

**E-FILED**
Tuesday, 29 March, 2005  05:26:52 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3113 |
| | ) | |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

COMES NOW Plaintiff, DaimlerChrysler Services North America LLC ("DCSNA"), and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories directed to Defendants Davis Truck Services, Inc. ("DTS"), E. Kay Davis and Karl Davis (collectively, "Defendants"), to be answered separately, fully, and individually, in writing, under oath as required by the Federal Rules of Civil Procedure and Local Rules of this Court.

### Definitions and Instructions

When responding, Defendants should use the following definitions and instructions:

A.      The terms "Plaintiff" and "DCSNA" wherever used herein shall mean and refer to plaintiff DaimlerChrysler Services North America LLC, its predecessors, Chrysler Financial Company LLC, and Mercedes-Benz Credit Corporation, and their present and former servants, agents, employees, representatives, divisions, departments, attorneys, and anyone else acting on its behalf.



3065848

B.      The terms "you," "your," and "Defendants," wherever used herein shall mean and refer to any and/or all of the named defendants and any present and former servants, agents, employees, representatives, directors, attorneys, and anyone else acting on their behalf. The terms "Davis Truck" and "DTS" refer specifically to Defendant Davis Truck Services, Inc. as well as any present and former servants, agents, employees, representatives, directors, attorneys, and anyone else acting on its behalf.

C.      The terms "document" and "documents" mean any and all written, recorded, or graphic or other matter of any kind or description, whether sent or received or made or used internally, however produced or reproduced, and whatever the medium (including all computer, electronic, and magnetic media and forms of data storage devices) on which it was produced, reproduced or maintained, including originals, drafts and all non-identical copies of each document. "Document(s)" shall include, without limitation, any and all originals, copies or drafts of any or all of the following information: letters, telegrams, telexes, electronic communications, electronic mail, memoranda, reports, contracts, studies, surveys, audits, research, analyses, plans, calendar or diary entries, minutes, pamphlets, typed or handwritten notes, charts, tabulations, records of meetings, conferences and telephone or other conversations or communications, as well as film, audio and videotapes, slide and all other data compilations. Any document which contains any comment, notations, addition, insertion, or marking of any kind which is not part of another document or any document which does not contain any comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered as a separate document.

D.      The phrase "reflecting, referring, or relating to" means constituting, consisting of, identifying, comprising, containing, setting forth, showing, disclosing, describing, stating,

dealing with, embodying, explaining, summarizing, mentioning, concerning, and/or pertaining to, either directly or indirectly.

E.      The terms "communication" and "communications," wherever used herein shall mean all occasions upon which information was conveyed from one or more persons to another or others, including, without limitation (a) by means of a document, including means of electronic mail, or (b) verbally, including by means of a telephone or other mechanical means. The term is intended to include any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any kind or nature was transmitted, transferred or recorded.

F.      The term "knowledge" means information derived from any source, including hearsay knowledge.

G.      The terms "identify," "state the identity of," "identification," and "identity" mean:

(1)      with respect to a document, state the type of document (*e.g.,* letter, contract, memorandum, etc.); its date (day, month and year) and, if it bears no date, the date (day, month and year) when it was prepared; its title (if any); the identity of each person who prepared the document; the identity of each person for whom it was prepared or to whom it was addressed and/or distributed; its general subject matter; and each person who has possession, custody or control over the original of the document or (if such persons are unknown) over any copy of the document. If any document was, but no longer is, in your possession, custody or control, state what disposition (including, without limitation, any destruction or alteration, in whole or in part) was made of it, the

3065848                                                              - 3 -

reason for such disposition and the date thereof. Documents to be identified shall include

documents with respect to which a privilege is or may be claimed;

(2)     with respect to a natural person, state his or her full name; present or last-

known residence address and business address (including street name and number, city of

town, state, zip code, and telephone number); business affiliation, title or position during

the period of time referred to (explicitly or implicitly) in the interrogatory, and present or

past relationship, if any, to you. If, to your general knowledge, information or belief,

such person is no longer living or is in a physical condition that he or she is or may soon

become unable to give deposition testimony, separately so state with respect to each such

person;

(3)     with respect to any entity, state its full name and the type of entity and the

address of its principal place of business (including street name and number, city or town,

state, zip code and telephone number). In addition, in the case of a business organization

other than a publicly held corporation, identify each owner and each officer thereof;

(4)     with respect to a communication or representation, identify the date, place,

time and means thereof; the parties thereto; whether the communication or representation

was oral or written; the person(s) who sent, received or had knowledge of the

communication or representation; and the information communicated. Communications

or representations to be identified shall include communications or representations with

respect to which a privilege is or may be claimed;

(5)     with respect to a meeting, state the date, place and time at which it

occurred; identify the speaker(s) and each other person who was present or heard or

3065848                                                        - 4 -

observed the meeting; state the substance of each communication made at the meeting; and identify each document that refers or relates to the meeting;

  (6) with respect to an event or occurrence other than a meeting or communication, state the substance, date, duration, and location of such event or occurrence, identify each person attending, witnessing, or participating in such event or occurrence; and identify each document that refers or elates to such event or occurrence;

  (7) with respect to a fact that forms, in whole or in part, the basis for a contention, set forth all information that forms, in whole or in part, the basis for the contention; identify each person with knowledge or information relating to each such fact and state the substance of each such person's knowledge or information; and identify each document that relates to each such fact; and

  (8) with respect to a place or location, state the address, including the street name and number, city or town, state and zip code.

 H. If you cannot answer any portion of any interrogatory in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and if known, the source from which the information might be obtained.

 I. If you object to any Interrogatory, in whole or in part, as inquiring into privileged, protected or immune matters, set forth fully in your objection(s): (a) the date of the applicable information; (b) the author(s) of the information; (c) the recipient(s) of the information; (D) the subject matter of the information; (e) the nature and basis of the privilege; and (f) the protection or immunity asserted.

J.      Wherever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words, as appropriate to bring within the scope of these requests information that might otherwise be beyond or outside their scope and/or avoid these requests from being ambiguous, inaccurate, or confusing.

## Interrogatories

1.      Identify with particularity each and every communication between DCSNA and Defendants (any or all) that relates in any way to the indebtedness alleged to be owed by Defendants to DCSNA, by stating with respect to each such communication:

(a)      the identity of each person participating in the communication;

(b)      the form of the communication (i.e., oral or in writing, over the telephone or in person, etc.);

(c)      the substance of the communication; and

(d)      the identity of each and every documents that refers, reflects, or related to the communication.

**ANSWER:**

2.      Identify each and every communication between DCSNA and Defendants (any or all) that relates in any way to the use, disbursement, or application of the loan proceeds from DCSNA, by stating with respect to each such communication:

    (a)    the identity of each person participating in the communication;

    (b)    the form of the communication (i.e., oral or in writing, over the telephone or in person, etc.);

    (c)    the substance of the communication; and

    (d)    the identity of each and every documents that refers, reflects, or related to the communication.

**ANSWER:**

3.      Identify each and every communication between DCSNA and Defendants (any or all) that relates in any way to the relationship between DCSNA and Defendants, including, but not limited to execution of any of the contracts, leases, notes, guaranties and other loan documents attached to the Complaint, by stating with respect to each such communication:

    (a)    the identity of each person participating in the communication;

    (b)    the form of the communication (i.e., oral or in writing, over the telephone or in person, etc.);

    (c)    the substance of the communication; and

    (d)    the identity of each and every documents that refers, reflects, or related to the communication.

**ANSWER:**

4.      Identify each and every person who has knowledge and documentation supportive of the claims, facts, allegations, and/or defenses raised in this lawsuit and describe with particularity the substance of each person's knowledge, including but not limited to the following areas:

    (a)    any and all security and loan agreements or any and all amendments to such security and loan agreements between DCSNA and DTS;

    (b)    any and all promissory notes or amendments to any such promissory notes made by DTS in favor of DCSNA;

    (c)    any and all continuing guaranties or amendments to any such continuing guaranties executed by Defendants Kay Davis and Karl Davis in favor of DCSNA;

    (d)    Defendants' default(s) or alleged defaults on its obligations to DCSNA;

    (e)    the amounts owed by Defendants to DCSNA, including without limitation any documents pertaining to any payments, offsets or other credits which the defendants claim should be applied to the indebtedness;

    (f)    any and all of the facts that support each of Defendants' affirmative defenses.

**ANSWER:**

5.    Answer the following about DTS, also identifying the individuals with knowledge regarding each of the following and documents reflecting, referring, or relating to each of the following:

(a)    DTS's current financial status, including, but not limited to, specific details regarding its financial assets and liabilities for the past two (2) years;

(b)    any and all agreements or contracts that were in effect between DTS and E. Kay Davis and/or Karl G. Davis;

(c)    the individuals or entities holding an ownership interest in DTS from its incorporation through the pendency of this lawsuit;

(d)    the current officers and directors of DTS;

(e)    the former officers and directors of DTS;

(f)    the dates of any and all changes with respect to c-e; and

(g)    any and all reasons for any and all changes made with respect to c-e.

**ANSWER:**

6.    Identify your assessment of the value(s) for each of the individual units (tractors and other equipment) financed, leased, or otherwise the subject of the various loan and financing agreements between DCSNA and you (the collateral), and for each such assessment, describe the basis for such assessment, identify the persons with knowledge of such assessment, and identify any documents reflecting, referring, or relating to such assessment.

3065848                                                    - 9 -

**ANSWER:**

7.     With respect to each tractor or other collateral security, identify each and every

fact that supports your contention that the collateral secured by the Finance Agreements was

disposed of in violation of Uniform Commercial Code § 9-611.  Also identify each and every

document that reflects, refers, or relates to your contention and each and every person with

knowledge concerning the facts and documents identified.

**ANSWER:**

8.     With respect to each tractor or other collateral security, identify each and every

fact that supports your contention that DCSNA failed to supply Defendants with an accounting

or other proof of disposition of the collateral secured by the Finance Agreements pursuant to the

Uniform Commercial Code § 9-611.  Also identify each and every document reflecting,

referring, or relating to your contention and each and every person with knowledge concerning

the facts and documents identified.

**ANSWER:**

9.     With respect to each tractor or other collateral security, identify each and every

fact that supports your contention that DCSNA's failure to provide notice to Defendants has

substantially harmed Defendants' rights, including Defendants' rights of redemption under

Article IX § 623.  Also identify each and every document reflecting, referring, or relating to your

contention and each and every person with knowledge concerning the facts and documents identified.

**ANSWER:**


10.    With respect to each tractor or other collateral security, identify each and every fact that supports your contention that DCSNA failed to dispose of the collateral secured by the Finance Agreements in a commercially reasonable manner and/or conducted a commercially unreasonable sale or sales.  Also identify each and every document that supports your contention and each and every person with knowledge concerning the facts and documents identified.

**ANSWER:**


11.    Please identify all notices of disposition received by you, including, but not limited to, the date of receipt, the person or persons receiving such notice, the tractor or other secured collateral to which such notice(s) pertain, the identity of any person(s) signing certified receipt of such notices, and the current location of such notices.

**ANSWER:**


12.    Please describe with particularity your first knowledge of the disposition notices identified in Interrogatory 11, the date of such knowledge, the means of such knowledge (including identification of any documents pertaining to such means and identification of any persons conveying such information), and what actions, if any, you took as a result of such knowledge.

**ANSWER:**

13.     To the extent you contend you did not receive notices of disposition with regard to some or all of the tractors and /or other secured collateral or that notices of disposition received were otherwise deficient, please identify which notices were not received or were otherwise deficient (describing such deficiency), and describe with particularity what, if any, actions you would have taken had you received such notices of disposition in accordance with the Uniform Commercial Code as well as how you would have taken such actions.

**Answer:**

14.     With respect to each of DCSNA's Request to Admit (contained in the Requests for Admissions propounded contemporaneously and separately on each of You), which you do not unequivocally admit as true:

a.      State the reason you believe each such Request to Admit is inaccurate;

b.      Identify the facts supporting your belief that such Request to Admit is inaccurate;

c.      Identify all persons with knowledge of said facts; and

d.      Identify any and all documents reflecting, referring, or relating to said facts.

**ANSWER:**

15.    Identify any person(s) with whom you have had communications regarding this lawsuit or the claims and defenses contained therein, including, but not necessarily limited to, identification of any consulting experts, identification of any testifying experts, and identification of any witnesses.  With regard to such communications, identify the date of such communications, and any documents reflecting, referring, or relating to such communications, including written or recorded statements or affidavits.

**ANSWER:**

STATE OF ILLINOIS                )
                                 ) SS.
CITY OF _____          )


       Comes now _____, being first duly sworn and on his/her oath states that

he/she has read the foregoing _____, and that the information contained therein is true

to the best of his/her knowledge, information and belief.


                                         _____


       Subscribed and sworn to before me this _____ day of _____, 2005.


                                         _____
                                            Notary Public

My Commission Expires:

3065848

Respectfully submitted,

THOMPSON COBURN LLP

William R. Bay # 06181670
Francis X. Buckley, Jr. # 06185143
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this \_\_\_day of February, 2005, the foregoing was served on the undersigned via US Mail, first class postage prepaid:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701

3065848