

**E-FILED**
Tuesday, 29 March, 2005  05:27:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION DIRECTED TO DEFENDANTS

COMES NOW Plaintiff, DaimlerChrysler Services North America LLC ("DCSNA"), and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests Defendants Davis Truck Services, Inc. ("DTS"), E. Kay Davis, and Karl Davis (collectively, "Defendants") to produce for inspection and copying each of the following documents at the offices of Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri 63101, within thirty (30) day of receipt hereof.

### Definitions and Instructions

When responding, Defendants should use the following definitions and instructions:

A.    The terms "Plaintiff" and "DCSNA" wherever used herein shall mean and refer to plaintiff DaimlerChrysler Services North America LLC, its predecessors, Chrysler Financial Company LLC, Mercedes-Benz Credit Corporation and their present and former servants, agents, employees, representatives, divisions, departments, attorneys, and anyone else acting on its behalf.

B.    The terms "you," "your," and "Defendants," wherever used herein shall mean and refer to the named defendants and any present and former servants, agents, employees,

3066039



EXHIBIT
2

representatives, directors, attorneys, and anyone else acting on their behalf. The terms "Davis Truck" and "DTS" refer specifically to Defendant Davis Truck Services, Inc. as well as any present and former servants, agents, employees, representatives, directors, attorneys, and anyone else acting on its behalf.

      C.     The terms "document" and "documents" mean any and all written, recorded, or graphic or other matter of any kind or description, whether sent or received or made or used internally, however produced or reproduced, and whatever the medium (including all computer, electronic, and magnetic media and forms of data storage devices) on which it was produced, reproduced or maintained, including originals, drafts and all non-identical copies of each document. "Document(s)" shall include, without limitation, any and all originals, copies or drafts of any or all of the following information: letters, telegrams, telexes, electronic communications, electronic mail, memoranda, reports, contracts, studies, surveys, audits, research, analyses, plans, calendar or diary entries, minutes, pamphlets, typed or handwritten notes, charts, tabulations, records of meetings, conferences and telephone or other conversations or communications, as well as film, audio and videotapes, slide and all other data compilations. Any document which contains any comment, notations, addition, insertion, or marking of any kind which is not part of another document or any document which does not contain any comment, notation, addition, insertion, or marking of any kind which is part of another document, is to be considered as a separate document.

      D.     The phrase "reflecting, referring, or relating to" means constituting, consisting of, identifying, comprising, containing, setting forth, showing, disclosing, describing, stating, dealing with, embodying, explaining, summarizing, mentioning, concerning, and/or pertaining to, either directly or indirectly.

E.    The term "communications," wherever used herein shall mean all occasions upon which information was conveyed from one or more persons to another or others, including, without limitation (a) by means of a document, or (b) verbally, including by means of a telephone or other mechanical means.  The term is intended to include any contact, oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any kind or nature was transmitted, transferred or recorded.

F.    If you contend that any document is not in your possession, custody or control:

    1.    Identify the document(s);

    2.    State the content of the document(s);

    3.    Identify the person or persons who have had possession of the document(s) at any time, including the present;

    4.    State the manner and date of disposition of the document(s); and

    5.    If destroyed or lost, identify the person who last had possession of the document(s).

G.    If you contend that you are entitled to withhold any document(s) from production on any ground, with respect to each such document:

    1.    Identify the document by providing its author, addressee, all recipients, date, subject matter, and document character (*e.g.,* correspondence, memoranda, etc.);

    2.    State the basis for your refusal to produce the document(s), including the specific nature and basis of the privilege, protection, or immunity asserted; and

    3.    State the person who has possession, custody, and control of the document(s).

H.    Wherever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to

3066039

include the disjunctive ("or"); and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other functional words, as appropriate to bring within the scope of these requests information that might otherwise be beyond or outside their scope and/or avoid these requests from being ambiguous, inaccurate, or confusing.

I.     The relevant time period for each of these requests encompasses the last five (5) years unless otherwise indicated.

## <u>Request for Production</u>

1.     Any and all documents reflecting, referring, relating to, or that have as their subject matter any security or loan agreements or amendments to such security or loan agreements between DCSNA and DTS including, but not limited to:

(a)    the November 24, 2002 Combination Promissory Note and Security Agreement ("Contract A" to the Complaint) executed by DTS and DCSNA;

(b)    the February 25, 2003 Combination Promissory Note and Security Agreement ("Contract B" to the Complaint) executed by DTS and DCSNA;

(c)    the February 25, 2003 Combination Promissory Note and Security Agreement ("Contract C" to the Complaint) executed by DTS and DCSNA;

(d)    the February 25, 2003 Combination Promissory Note and Security Agreement ("Contract D" to the Complaint) executed by DTS and DCSNA;

(e)    the February 25, 2003 Combination Promissory Note and Security Agreement ("Contract E" to the Complaint) executed by DTS and DCSNA;

(f)    the February 25, 2003 Combination Promissory Note and Security Agreement ("Contract F" to the Complaint) executed by DTS and DCSNA;

(g)    the February 25, 2003 Combination Promissory Note and Security Agreement ("Contract G" to the Complaint) executed by DTS and DCSNA;

(h)    the March 25, 2003 Combination Promissory Note and Security Agreement ("Contract H" to the Complaint) executed by DTS and DCSNA;

**RESPONSE:**

2.    Any and all documents reflecting, referring, relating to, or that have as their subject matter any and all continuing guaranties between DCSNA and E. Kay Davis or Karl G. Davis, including, but not limited to:

(a)    the June 9, 1999 Continuing Personal Guaranty executed by Karl Davis;

(b)    the June 9, 1999 Continuing Personal Guaranty executed by E. Kay Davis.

**RESPONSE:**

3.    Any and all documents reflecting, referring, relating to, or that have as their subject matter any and all releases from any and all continuing guaranties involving DTS or E. Kay Davis or Karl G. Davis.

**RESPONSE:**

3066039

4.      Any and all documents reflecting, referring, relating to, or that have as their subject matter Defendants' (DTS's or E. Kay Davis' or Karl G. Davis') default(s) on their obligations to DCSNA.

**RESPONSE:**

5.      Any and all documents reflecting, referring, relating to, or that have as their subject matter the amounts owed by Defendants (DTS or E. Kay Davis or Karl G. Davis) to DCSNA, including, but not limited to, any and all documents pertaining to any payments, offsets, or other credits which the Defendants claims should be applied to their indebtedness to DCSNA.

**RESPONSE:**

6.      Any and all documents reflecting, referring, relating to, or that have as their subject matter any and all communications between DCSNA and Defendants (DTS, E. Kay Davis or Karl G. Davis).

**RESPONSE:**

7.      Any and all documents reflecting, referring, relating to, or that have as their subject matter DCSNA's demand on Defendants (DTS or E. Kay Davis or Karl G. Davis) for payments of amounts due and owing including, but not limited to:

3066039                                    - 6 -

(a)     the Demand Letter to DTS dated September 9, 2003;

(b)     the Demand Letter to E. Kay Davis dated March 22, 2004;

(c)     the Demand Letter to Karl Davis dated March 22, 2004.

**RESPONSE:**

8.      Any and all documents referring, reflecting, relating to, or that have as their subject matter the sale of vehicles originally obtained with the proceeds from the loan agreements with DCSNA.

**RESPONSE:**

9.      Any and all documents referring, reflecting, relating to, or that have as their subject matter any and all agreements or course of dealings between DTS, E. Kay Davis or Karl G. Davis.

**RESPONSE:**

10.     Any and all documents and tangible things showing or supporting the facts and opinions to which any independent expert or controlled expert is expected to testify, the grounds of the independent expert or controlled expert's opinion, and the independent expert or controlled expert's conclusions.  This request is intended to include, but is not limited to, any report by the independent expert or controlled expert, any exhibit to be used in the presenting independent

3066039                            - 7 -



expert or controlled expert's opinions, and any notes made by the independent expert or controlled expert relating to this suit.

**RESPONSE:**

11.    For any independent expert or controlled expert that you may call as a witness and any independent expert or controlled expert whose work product has been reviewed or relied on by any independent expert or controlled expert who may be called as a witness, any and all documents and tangible things provided by you as part of the independent expert or controlled expert's preparation.

**RESPONSE:**

12.    Any and all other documents and tangible things reviewed and relied on by such independent expert or controlled expert in forming opinions or reaching conclusions relating to this case.

**RESPONSE:**

13.    A true and accurate copy of each report, statement, or study conducted by a testifying independent or controlled expert witness and/or independent or controlled consulting expert witness whose opinions or impressions have been reviewed by a testifying independent or controlled expert witness.

3066039                                    - 8 -

**RESPONSE:**

14.    Any and all documents identified in your answers to DCSNA's First Set of Interrogatories served on you contemporaneously herewith or otherwise used by you to answer DCSNA's First Set of Interrogatories.

**RESPONSE:**

15.    Any and all documents reflecting, referring, or relating to any denials in your Answer to any allegation in any Complaint filed in this case.

**RESPONSE:**

16.    Any and all documents reflecting, referring, or relating to any affirmative defenses asserted in your Answer to any Complaint filed in this case.

**RESPONSE:**

17.    All statements including signed statements, memoranda of statements, recordings, transcripts of conversations, notes of conversations or similar documents relating to persons who

3066039                                    - 9 -

may have factual knowledge concerning the transactions and obligations involved in this suit, or any matters relevant to this lawsuit.

**RESPONSE:**

18.     Any and all documents in your possession, custody, or control reflecting, referring, or relating to the disposition of tractors or other secured collateral that is the subject of the loan agreements attached to the Complaint.

**RESPONSE:**

19.     Any and all documents in your possession, custody, or control reflecting, referring, or relating to the value of the tractors or other secured collateral that is the subject of the loan agreements and other documents attached to the Complaint.

**RESPONSE:**

20.     Your federal and state tax returns for the last five years.

**RESPONSE:**

21.     Any and all financial statements for DTS for the last five years.

**RESPONSE:**

22.     Any and all documents relied on by you in denying (or not unequivocally admitting) a request to admit (served contemporaneously on you).

**RESPONSE:**

23.     Any and all documents reflecting, referring, or relating on your contention that the sales of tractors or other secured collateral that was the subject of the loan agreements and other secured collateral that was the subject of the loan agreements and other documents attached to the Complaint were not conducted in a commercially reasonably manner in accordance with the Uniform Commercial Code.

**RESPONSE:**

24.     Any and all documents reflecting, referring, or relating to sale of the tractors or other secured collateral that was the subject of the loan agreements and other documents attached to the Complaint

**RESPONSE:**

25.     Any and all documents reflecting, referring, or relating to communications between DCSNA and You.

**RESPONSE:**

Respectfully submitted,

THOMPSON COBURN LLP

William R. Bay # 06181670
Francis X. Buckley, Jr. # 06185143
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this ⎵⎵th⎵ day of February, 2005, the foregoing was served on the undersigned via US Mail, first class postage prepaid:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701



3066039

- 12 -