IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVIS TRUCK SERVICES, INC., *et al.* )<br>)<br>Defendants. ) | No. 04-3113 |

State of Missouri    )
                     ) SS
City of St. Louis    )

### DECLARATION OF MONA E. LAWTON

COMES NOW Mona E. Lawton, attorney with Thompson Coburn LLP, and does state the following:

1. I am Mona E. Lawton. I am over twenty-one (21) years of age and I have personal knowledge of the matters set forth in this Declaration. If called upon to do so, I could testify to the matters stated in this Declaration under oath.

2. I am and was at all times relevant to this declaration an attorney with the law firm of Thompson Coburn LLP.

3. At all relevant times, Thompson Coburn LLP has represented and does represent Plaintiff DaimlerChrysler Services North America LLC ("Chrysler Financial") in the above-captioned matter.

4. On March 11, 2005, I spoke with Howard Peters, counsel for Defendants, regarding scheduling depositions and other discovery matters in this litigation. At that time, Mr. Peters informed me that Defendants' responses to Plaintiff's outstanding discovery, due on

3099237


EXHIBIT 3

March 14, 2005, would be forthcoming on March 14 or 15, 2005. See *Exhibit A*, attached hereto.

5. Defendants failed to respond to the outstanding discovery by March 15, 2005, and did not contact counsel for DCSNA to request a further extension.

6. On March 15, 2005, I contacted Mr. Peters and inquired into the status of the responses. At that time, Mr. Peters requested additional time to respond.

7. By agreement between the parties, Defendants were granted until March 17, 2005, to respond to Plaintiff's Requests for Admissions, and until March 21, 2005, to respond to Plaintiff's First Set of Interrogatories and First Request for Production. See *Exhibit B*, attached hereto.

8. Chrysler Financial did not receive Defendants' responses to Request for Admissions until March 18, 2005, despite being granted two (2) extensions of time to respond.

9. Chrysler Financial has yet to receive interrogatory answers or responsive documents from Defendants despite being granted two (2) extension of time to respond. These responses remain overdue.

10. During a March 24, 2005 telephone call, with my colleague, Matthew S. Darrough, Mr. Peters advised that the discovery responses or documents had not been served as of time of the conversation on March 24, 2005, and further advised that he could not provide a date certain when interrogatory answers and responsive documents would be served.

11. Based on the cumulative efforts of counsel for Chrysler Financial, evidenced by the exhibits, it is my belief that Defendants do not intend to produce the documents or interrogatory answers requested absent order of the Court and as such, the parties cannot resolve the dispute without court intervention.

12. Chrysler Financial is likely to be prejudiced by the tardiness and delay of Defendants in responding to production. Chrysler Financial desires to complete discovery in

accordance with the scheduling order agreed to by the parties and signed by the Court. Absent immediate response to the outstanding discovery, it appears that depositions of the Defendants will need to be rescheduled, leaving little to no time for completion of follow up discovery and preparation of dispositive motion.

13. Chrysler Financial does not desire an extension of the discovery schedule in this case or other modification of the deadlines, simply that Defendants promptly produce responsive documents and interrogatory answers so that remaining discovery can be timely completed.

Further affiant sayeth not.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT THIS DECLARATION IS EXECUTED THIS 28th DAY OF March, 2005.

_____
Mona E. Lawton