IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., *et al.* | ) ) ) | |
| Defendants. | ) | |

State of Missouri    )
                     ) SS
City of St. Louis    )

### DECLARATION OF MATTHEW S. DARROUGH

COMES NOW Matthew S. Darrough, attorney with Thompson Coburn LLP, and does state the following:

1.  I am Matthew S. Darrough. I am over twenty-one (21) years of age and I have personal knowledge of the matters set forth in this Declaration. If called upon to do so, I could testify to the matters stated in this Declaration under oath.

2.  I am and was at all times relevant to this declaration an attorney with the law firm of Thompson Coburn LLP.

3.  At all relevant times, Thompson Coburn LLP has represented and does represent Plaintiff DaimlerChrysler Services North America LLC ("Chrysler Financial") in the above-captioned matter.

4.  Thompson Coburn LLP served Chrysler Financial's Request for Production of Documents and Interrogatories Directed to the Defendants on February 11, 2005. True and accurate copies of those requests and interrogatories are attached to the motion to compel as Exhibits 1 and 2, respectively.

EXHIBIT 5

5.  Chrysler Financial has yet to receive interrogatory answers or responsive documents from Defendants despite the fact that responses from Defendants are overdue.

6.  On multiple occasions, counsel for Chrysler Financial have attempted to resolve a discovery dispute pertaining to Defendants' failure to respond to written discovery. I have not been involved in each of the discussions, but refer the Court to the declaration of my colleague, Mona Lawton.

7.  Aware of the history of the discovery dispute, I spoke with Howard Peters of Scott & Scott, counsel for Defendants, by means of telephone on the morning of March 24, 2005. The conversation involved several matters pertaining to the case, one being the outstanding discovery.

8.  During the March 24, 2005 telephone call, I inquired as to whether or not Defendants had served their discovery responses and responsive documents, understanding that the previously extended deadline had passed and no responses had been received. Mr. Peters advised that the discovery responses or documents had not been served as of time of the conversation on March 24, 2005.

9.  I requested a date certain when the production would be forthcoming, explaining that the schedule in the case necessitated Chrysler Financial's prompt receipt of the requested documents and interrogatory answers so that it could proceed in the litigation. I further mentioned that the parties had anticipated the occurrence of Defendants' depositions in the first half of August and that it was critical that Chrysler Financial receive the written discovery to which it is entitled so that its counsel can properly prepare for the depositions.

10. Mr. Peters did not provide a date certain when interrogatory answers and responsive documents would be served. I advised that we had made every attempt to resolve the dispute and had no choice but to seek court intervention absent an assurance of immediate production. Mr. Peters advised that he would see whether responses could be produced before

March 25, 2005, but absent such production understood that Chrysler Financial would be filing a motion to compel. I asked that Mr. Peters advise immediately if the written discovery responses were served on or before March 25, 2005.

11. As of the end of the day on March 25, 2005, Defendants' counsel had provided no response to my efforts or otherwise contacted counsel for Chrysler Financial. Further, Defendants' counsel did not contact Chrysler Financial's counsel before the time of filing Chrysler Financial's motion to compel. Based on the cumulative efforts of counsel for Chrysler Financial, evidenced by the exhibits, it is my belief that Defendants do not intend to produce the documents or interrogatory answers requested absent order of the Court and as such, the parties cannot resolve the dispute without court intervention.

12. Chrysler Financial is likely to be prejudiced by the tardiness and delay of Defendants in responding to production. Chrysler Financial desires to complete discovery in accordance with the scheduling order agreed to by the parties and signed by the Court. Absent immediate response to the outstanding discovery, it appears that depositions of the Defendants will need to be rescheduled, leaving little to no time for completion of follow up discovery and preparation of dispositive motion.

13. Chrysler Financial does not desire an extension of the discovery schedule in this case or other modification of the deadlines, simply that Defendants promptly produce responsive documents and interrogatory answers so that remaining discovery can be timely completed.

Further affiant sayeth not.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF AND THAT THIS DECLARATION IS EXECUTED THIS 20th DAY OF March, 2005.

_____
Matthew S. Darrough