E-FILED
Thursday, 21 April, 2005  02:35:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM
MAGISTRATE JUDGE EVANS' APRIL 7, 2005 ORDER
GRANTING DEFENDANTS' MOTION FOR
<u>ADDITIONAL TIME TO DISCLOSE AN EXPERT WITNESS</u>**

COMES NOW Plaintiff, Daimler Chrysler Services North America LLC ("Chrysler Financial"), and, pursuant to Fed. R. Civ. P. 72(a) and Local Rule 72.2(A), respectfully submits the following objection to and appeal from Magistrate Judge Evans' April 7, 2005 Order granting Defendants additional time to disclose an expert witness:

1.     According to the Joint Proposed Discovery Plan, approved by this Court on October 19, 2004, Defendants were required to disclose experts by March 25, 2005.

2.     On March 25, 2005, Defendants filed a motion to modify the Court's October 19, 2004 Scheduling Order, seeking a time extension until April 15, 2005 to disclose their experts. Exhibit 1.

3.     In violation of CDIL-LR 6.1, Defendants failed to advise the Court in their motion that Chrysler Financial opposed the time extension.   See Exhibit 1.

4.     Equally absent from Defendants' motion is the requisite showing of "due diligence" and "good cause", adopted by this Court in its local rules.  Those rules explicitly state,

3115020

***"[t]he parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates."*** CDIL-LR 16(D) (emphasis added).  See Exhibit 1.

5. Chrysler Financial timely filed a memorandum in opposition to Defendants' motion for time extension on March 29, 2004, less than two business days after the filing of the Defendants' motion.  Exhibit 2.

6. Unbeknownst to Chrysler Financial, Magistrate Judge Evans granted Defendants' motion for time extension by minute order approximately two minutes before the electronic filing of Chrysler Financial's opposition memorandum.

7. Chrysler Financial promptly filed a motion for reconsideration, believing the Court lacked knowledge of Chrysler Financial's opposition.  Exhibit 3.

8. On April 7, 2005, Magistrate Judge Evans held a telephonic hearing on the Chrysler Financial's motion to reconsider, Defendants' motion for time extension, and Chrysler Financial's motion to compel discovery (which is not part of this appeal).

9. At the hearing, Defendants again failed to carry their burden of establishing the "due diligence" and "good faith" standards.  Magistrate Judge Evans agreed to reconsider the extension motion and indicated concern with Defendants' failure of proof concerning due diligence, but nonetheless granted Defendants' motion, permitting Defendants to timely disclose an expert on or before April 15, 2005.

10. At the time this filing, Chrysler Financial has yet to receive any expert disclosure from Defendants and this motion may well be moot in that Defendants did not seek an additional time extension and have thus, waived their rights to disclose an expert in accordance with the

April 15, 2005 extended deadline or otherwise. This motion is filed out of an abundance of caution.

### Procedural History

11. The parties consulted and submitted a joint proposed scheduling order to the Court in October 2004. The parties agreed at the time of such discussions that the case lacked factual and legal complexity that would necessitate a lengthy discovery schedule or extended trial date. The parties similarly conveyed this message to the Court during the October 2004 Rule 16 conference.

12. Presumably based on the representations of counsel for the parties and its own approval of the schedule jointly proposed, this Court entered the Scheduling Order on October 19, 2004.

13. The Scheduling Order set deadlines pursuant to which the parties were required to comply. Among those deadlines are the dates to serve initial disclosures, to serve expert reports, to complete discovery, and to file dispositive motions. Chrysler Financial has complied with all Court imposed deadlines.

14. On February 25, 2005, Chrysler Financial disclosed its expert witness and his Rule 26 expert report. That expert, Michael Cox of Asset Appraisal Services, opines on a discrete and limited topic – the commercial reasonableness of the sales of vehicle collateral. In fact, Chrysler Financial believed no expert testimony would be required in the case until Defendants raised commercial reasonableness as an affirmative defense in their answer.

15. Before March 23, 2005, counsel for Chrysler Financial heard nary a mention about the need for additional time for Defendants' expert disclosures despite repeated conversations among counsel pertaining to other issues in the case (among them, the scheduling

of depositions and certain discovery disputes, including that detailed in Chrysler Financial's motion to compel).

16.     When counsel first discussed the extension on March 24, 2005, counsel for Chrysler Financial inquired into the justification for the extension and the amount of time needed. When it became clear that Defendants' had not yet retained an expert and were requesting weeks instead of days, it was explained that consent would not be forthcoming from Chrysler Financial. To this day it is unclear what, if any, efforts were made by Defendants to obtain an expert before their original deadline (they had yet to retain an expert at the time of the April 2005 hearing) and why they could not timely find an expert on a discrete issue that they injected into the case five months earlier.

17.     Defendants filed their motion to modify the Court's October 19, 2004 Scheduling Order on March 25, 2005. Exhibit 1.

18.     Magistrate Judge Evans heard argument on the motion on April 7, 2005, and promptly entered a minute order, allowing Chrysler Financial's motion for reconsideration, but granting Defendants' motion for time extension, requiring Defendants' expert disclosures by April 15, 2005. See April 7, 2005 Minute Entry.

## Applicable Standard and Argument

19.     Under Fed. R. Civ. P. 16(b) and CDIL-LR 16(D), a scheduling order should be amended only if "good cause" exists, *i.e.*, only if the movant can meet the exacting standard of demonstrating that it could not have complied with the scheduling order despite the exercise of due diligence. Fed. R. Civ. P 16(b); CDIL-LR 16(D) (emphasis added).

20.     Defendants did not meet the exacting standard and did not demonstrate due diligence in obtaining an expert or otherwise show "good cause."

21. Because Defendants wholly failed to carry their burden, Magistrate Judge Evans April 7, 2005 Order (to the extent it grants Defendants additional time to disclose its experts) is in clear error and contrary to the law. There must be a finding of due diligence and good cause for extending the deadlines. Defendants presented nothing in their motion or at the hearing to satisfy their burden or permit the Court to make such a finding. Indeed, the Court indicated during the hearing that no satisfactory explanation had been provided.

22. Further, Chrysler Financial will be prejudiced by the extension of time.

23. Chrysler Financial has filed contemporaneously herewith its supporting memorandum of law, which further details the procedural history, applicable law, and argument. That memorandum is incorporated by reference as if set forth fully herein.

WHEREFORE, Chrysler Financial respectfully objects to and appeals from Magistrate Judge Evans' April 7, 2004 Order (to the extent it grants Defendants additional time to disclose expert witnesses) and prays that the Court grant such objection, reverse or set aside Magistrate Judge Evans' ruling in this regard, and strike from the case any expert disclosed by Defendants after March 25, 2005 (to the extent any such expert is disclosed) or otherwise prohibit such disclosure. In addition, Chrysler Financial prays for such further relief as this Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

 /s/ William R. Bay
William R. Bay # 06181670
Francis X. Buckley, Jr. # 06185143
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 21, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701


    /s/  William R. Bay