IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE EVANS'
APRIL 7, 2005 ORDER GRANTING DEFENDANTS'
MOTION FOR ADDITIONAL TIME TO DISCLOSE AN EXPERT WITNESS**

### I.   INTRODUCTION

Plaintiff DaimlerChrysler Services North America LLC ("Chrysler Financial") respectfully objects to and appeals from Magistrate Judge Evans' April 7, 2005 Order to the extent it modifies the Court October 19, 2004 Scheduling Order and permits Defendants an additional twenty-one (21) days to disclose an expert(s) in this lawsuit.[1]

Defendants failed to provide the Court any "good cause" explanation for their eleventh hour request (filed on the original due date for Defendants' expert disclosures of March 25, 2005). As such, Defendants wholly failed to meet the exacting standard of demonstrating due diligence and an inability to comply with the Court's Scheduling Order. A finding of "good faith" and "due diligence" is required before such an extension may be granted. Fed. R. Civ. P. 16(b); CDIL-LR

---

[1] Chrysler Financial notes at the inception that the related objections to and appeal from Magistrate Judge Evans motion may indeed be moot. To date, Chrysler Financial has received no disclosures from Defendants and thus, Defendants have waived their right to disclose experts even within the extended deadline of April 15, 2005. The objections and appeal are filed merely out of an abundance of caution.

3115126

16(D). Magistrate Judge Evans could not have made such a finding based on the information provided by Defendants in their motion or at the April 7, 2005 hearing. Therefore, the April 7, 2005 Order is clearly erroneous and/or contrary to law in that it grants Defendants a twenty-one day time extension without such a finding.

Defendants could not meet the exacting standard of demonstrating due diligence and an inability to comply with the Court's Order. As previously explained during the October 2004 Rule 16 conference, the case is not complex and does not merit a lengthy discovery schedule. Chrysler Financial timely disclosed one expert on February 25, 2005. Chrysler Financial's expert opines solely on an issue raised by Defendants' affirmative defenses on commercial reasonableness. Specifically, he opines that Chrysler Financial sold the secured equipment in a commercially reasonable manner. Despite full knowledge that commercial reasonableness would be an issue in the case (indeed, one that Defendants raised over five months ago), agreeing to the scheduling order in place, and timely receiving Chrysler Financial's expert disclosure pertaining to a discrete and limited subject, Defendants evidently had yet to even retain an expert prior to their March 25, 2005 expert disclosure deadline in the case. In light of the fact that the issue of commercial reasonableness was raised by Defendants and presumably supported by a good faith belief, it is difficult to understand a complete failure to retain an expert. This is hardly in compliance with the "due diligence" standard.[2]

---

[2] Forty-eight hours before the deadline for Defendants to disclose an expert, counsel for Defendants left a voicemail with counsel for Chrysler Financial in the late afternoon on March 23, 2005. Chrysler Financial's counsel tried to return the call that night, with no success, and followed up with a return call the next morning. Chrysler Financial indicated a willingness to agree to a brief extension of time should Defendants need until early the week of March 28, 2005 to serve the report. Upon learning that Defendants had not even retained an expert and sought a multiple week extension, Chrysler Financial's counsel explained that Chrysler Financial would oppose such a time extension.

Chrysler Financial requests that the Court grant its objection, reverse or set aside Magistrate Judge Evans' April 7, 2005 Order to the extent it grants Defendants' additional time for expert disclosure, and strike from the case any experts disclosed by Defendants after March 25, 2005 (if any) or otherwise prohibit such disclosure.

## II.     ARGUMENT

### A.     Procedural History

The parties consulted and submitted a joint proposed scheduling order to the Court in October 2004. The parties agreed at the time of such discussions that the case lacked factual and legal complexity that would necessitate a lengthy discovery schedule or extended trial date. The parties similarly conveyed this message to the Court during the October 15, 2004 Rule 16 conference. Presumably based on the representations of counsel for the parties and its own approval of the schedule jointly proposed, this Court entered the Scheduling Order on October 19, 2004.

The Scheduling Order set deadlines pursuant to which the parties were required to comply. Among those deadlines are the dates to serve initial disclosures, to serve expert reports, to complete discovery, and to file dispositive motions. Chrysler Financial has complied with all Court imposed deadlines.[3]

---

[3] Because of the due diligence standard imposed under the rules, it at least deserves mention that Defendants' current failure to adhere to the Scheduling Order is not an isolated incident. Chrysler Financial's counsel had to contact opposing counsel to obtain Defendants' Rule 26(a) initial disclosures long after their due date (over two months). Similarly, Chrysler Financial had to file a *Motion to Compel* certain discovery responses that were not timely forthcoming despite repeated assurances to the contrary by Defendants. While previous and current discovery disputes are not directly germane to the expert deadlines, they are relevant to demonstrate that Defendants have lacked diligence in complying with required deadlines.

On February 25, 2005, Chrysler Financial disclosed its expert witness and his Rule 26 expert report. That expert, Michael Cox of Asset Appraisal Services, opines on a discrete and limited topic – the commercial reasonableness of the sales of vehicle collateral. In fact, Chrysler Financial believed no expert testimony would be required in the case until Defendants raised commercial reasonableness as an affirmative defense in their answer.

Before March 23, 2005, counsel for Chrysler Financial heard nary a mention about the need for additional time for Defendants' expert disclosures despite repeated conversations among counsel pertaining to other issues in the case (among them, the scheduling of depositions and certain discovery disputes, including that detailed in Chrysler Financial's motion to compel). When counsel discussed this on March 24, 2005, counsel for Chrysler Financial inquired into the justification for the extension and the amount of time needed. When it became clear that Defendants' had not yet retained an expert and were requesting weeks instead of days, it was explained that consent would not be forthcoming from Chrysler Financial.

Defendants filed their motion for time extension on March 25, 2005, the due date for their expert disclosures. Defendants' motion did not advise the Court that Chrysler Financial had objection to the motion. See CDIL-LR 6.1 (requiring such disclosure in opposed motions). Chrysler Financial prepared an opposition memorandum and timely filed same within two business days of Defendants' motion. Unbeknownst to Chrysler Financial at the time of such filing, Magistrate Judge Evans had minutes earlier filed a Text Order granting Defendants' motion for time extension to extend the deadline for Defendants' expert disclosure to April 15, 2005. Uncertain about whether the Court realized that Chrysler Financial had objection to the motion and believing no "good faith" explanation existed for such an extension, Chrysler Financial sought reconsideration.

On April 7, 2005, Magistrate Judge Evans held a telephonic hearing on Chrysler Financial's motion for reconsideration, Defendants' motion to extend their expert disclosure deadline (amend the Scheduling Order), and Chrysler Financial motion to compel (which is not at issue in this appeal). Relevant to this objection, Magistrate Judge Evans agreed to reconsider Defendants' motion for time extension, stated that Defendants were throwing themselves on the mercy of the Court in that they failed to provide sufficient explanation for the requested extension, and then granted Defendants' motion permitting them to disclose an expert on or before April 15, 2005.

On April 15, 2005, Defendants filed a Certificate of Service with the Court indicating compliance with the Court's April 7, 2005 Order. The Certificate does not mention service of an expert disclosure or Rule 26 expert report and no such disclosure or accompanying report has been received by Chrysler Financial.[4]

**B.     Applicable Standards**

    **1.     Standard of Review**

A district court's review of discovery-related issues decided by a magistrate judge is governed by Rule 72(a), which provides:

> The district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a); *see also Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.*, 967 F. Supp. 346 (C.D. Ill. 1997).

---

[4] The instant motion should be technically moot if Defendants failed to disclose an expert witness within the additional time granted by Magistrate Judge Evans or otherwise seek an additional extension of time.

### 2. "Good Cause" and "Due Diligence" Required

Under Rule 16(b), a scheduling order should be amended only if "good cause" exists, *i.e.*, only if the movant can meet the exacting standard of demonstrating that it could not have complied with the scheduling order despite the exercise of due diligence. Fed. R. Civ. P 16(b); Fed. R. Civ. P. 16 advisory committee notes (1983 amendment); WRIGHT & MILLER, 6A Fed. Prac. & Proc. Civ. 2d § 1522.1 (2005); *United States v. 1948 South Martin Luther King*, 270 F.3d 1102, 1110 (7th Cir. 2001) ("If a party misses a deadline, the schedule shall not be modified except upon a showing of good cause and by leave of the district judge."); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment").

While the existence or degree of prejudice to a party opposing a modification might supply additional reasons for denial, the focus of the Court's inquiry should be upon the moving party's reasons for seeking modification. *Mammoth Recreations,* 975 F.2d. at 609. If no finding of diligence can be made, the inquiry should end. *Id.* This Court has mandated incorporation of the above reading of Federal Rule of Civil Procedure 16(b) by adoption of its local rules, which explicitly state, **"[*t*]*he parties and their counsel are bound by the dates specified in the scheduling order absent a finding of due diligence and good cause for changing said dates*."** CDIL-LR 16(D) (emphasis added).

Defendants did not meet the exacting standard and did not demonstrate diligence in obtaining an expert or otherwise show "good cause." As such, Magistrate Judge Evans could not have found Defendants to have carried their burden and the extension of time is clearly erroneous and contrary to law.

### C. Defendants Did Not Demonstrate Diligence or Show "Good Cause"

Defendants did not offer this Court any evidence demonstrating that good cause existed to amend the Scheduling Order. In fact, Defendants failed to offer explanation as to why their compliance with the scheduling order was impossible or what efforts were made to comply. Defendants' last minute attempt to modify the Scheduling Order without good cause should not have been granted.

Defendants merely sought to excuse their own lack of diligence by asserting that additional time is necessary because Defendants are "small business owners" and are having difficulty locating an expert willing to testify against Plaintiff because Plaintiff is a large company with "a significant presence in the trucking industry." The excuses offered by Defendants were not sufficient to warrant an extension of the Court's Scheduling Order because they did not satisfy the due diligence standard. During the April 7, 2005 hearing, Magistrate Judge Evans recognized that the relative size of the parties did not justify a time extension.

David and Goliath histrionics aside, Chrysler Financial loaned Defendants significant monies that it now seeks to collect because of Defendants' repeated defaults on the debt due and owing.[5] Chrysler Financial disclosed one expert on a discrete topic, raised months ago by Defendants in the lawsuit. Conspicuously absent from Defendants' motion is any explanation as to what efforts were made to obtain an expert after Chrysler Financial's timely disclosure.

Defendants provided absolutely no explanation of efforts, if any, that they made to obtain

---

[5] Despite Defendants' "small business" self-description, Defendants were apparently large enough to initially borrow substantial monies from Chrysler Financial. When Chrysler Financial was forced to initiate this litigation, Defendants felt inclined to cause all involved to incur substantial legal fees based on the filing of a motion to dismiss for lack of jurisdiction, which this Court denied. Regardless, it is unclear why the size of Defendants' business would prevent them from finding an expert witness on a single limited topic that they raised in this litigation. There are not different standards and rules dependent upon the size of the litigant. If the litigant with the lesser net worth were systematically excused of its obligations under the Federal Rules of Civil Procedure and Local Rules of this Court, a significant injustice would occur and wreak havoc with our court systems.

an expert or when those efforts began. The logical inference is that an adequate description would not have legitimized Defendants' extension efforts, but instead dictated denial of their motion. As movants, Defendants had the burden of explaining to the Court how non-compliance with the Scheduling Order occurred despite their reasonable and diligent efforts. They did not. The inquiry should have ended there, and Magistrate Judge Evans should have denied the motion.

Appropriately, Magistrate Judge Evans held the April 7, 2005 telephonic hearing after Chrysler Financial filed its motion to reconsider and its motion to compel certain discovery responses. Most of that hearing pertained to Defendants' request for time extension to disclose their experts. Both counsel for Chrysler Financial and Magistrate Judge Evans challenged Defendants' counsel to provide some explanation as to the efforts made and non-compliance with the original Scheduling Order. When no such explanation was forthcoming, Magistrate Judge Evans observed that Defendants had simply thrown themselves on the mercy of the Court without adequate explanation.

### D. Defendants Had Ample Time to Retain An Expert

Defendants had no good faith basis for requesting additional time to disclose an expert. The sole topic on which Defendants seek to retain an expert witness, i.e., whether the sales of the units were commercially reasonable, has been known to Defendants for at least five (5) months, when Defendants filed their Answer and Affirmative Defenses. Having injected the issue in the case, Defendants have long known that an expert witness may be necessary on the issue of commercial reasonableness.

Further, Chrysler Financial timely disclosed its expert report on February 25, 2005, providing Defendants with a month after the disclosure to find a counter-expert if they so desired. If such an expert could not be found in a month, it is unclear why three additional weeks would

be needed to provide Defendants with the necessary time to both find such an expert and produce an expert report. The only explanation for the additional time sought was that Defendants did not begin their search until the disclosure deadline was fast approaching or more likely upon them. Defendants' counsel did not contact Chrysler Financial's counsel about the requested extension until two days before the March 25, 2005 due date.

Further, the complexity (or lack thereof) of the issues involved in this litigation has been an issue of agreement for months. Defendants agreed to the discovery track for this litigation in the Joint Proposed Discovery Plan submitted to the Court. This Court approved the proposed plan on October 19, 2004, and Defendants again agreed to the discovery track during the parties' Scheduling Conference. Nothing has changed since the Court entered its Scheduling Order. The issues involved in this litigation are exactly the same as they were in the Fall of 2004. If Defendants anticipated difficulty complying with the agreed to deadlines, they could have long ago sought modification. The time for requesting a modification of the discovery deadlines had passed, and Defendants offered this Court no justifiable reason for a modification with only 7 weeks left before the discovery cut-off period.

There was no justifiable reason for Defendants' lack of diligence in locating an expert witness to prove up its affirmative defense.

E.    **Chrysler Financial Will Be Prejudiced By the Extension**

Chrysler Financial will be prejudiced. Discovery in this litigation is set to end in weeks. Chrysler Financial (which has still never received an expert report and thus deems Defendants to have waived the right of disclosure) would be left with something shy of a month to subpoena any additional documentation related to the expert(s), prepare for and take the deposition of Defendants' expert(s), designate a possible rebuttal expert, and follow up on any remaining

issues related to the late disclosure of the expert or experts. Chrysler Financial would be prejudiced if it were forced to squeeze this remaining discovery into less than 4 weeks. Chrysler Financial also intends to timely file a dispositive motion in this lawsuit. The additional delay may prejudice Chrysler Financial's efforts to seek summary disposition of this matter in the immediate future and in compliance with the Court's Scheduling Order.

Chrysler Financial is opposed to any additional modification of the Scheduling Order (including the discovery cut-off or other amendment of other deadlines, none of which were sought by Defendants' motion) to accommodate Defendants' dilatory efforts. The parties agreed to the Scheduling Order nearly six months ago and the Court approved the Scheduling Order on October 19, 2004. Chrysler Financial respectfully requests that the Court keep the current scheduling order in place, including the original expert disclosure deadlines. Any change in the dates imposed by the Scheduling Order will encourage rather than dissuade the tactics employed by Defendants, all in contravention of the Federal Rules and Local Rules of the Court.

### III.    CONCLUSION

Chrysler Financial respectfully requests this Court enter an Order granting its objections to Magistrate Judge Evans April 7, 2005 Order to the extent it provides Defendants additional time to disclose an expert, reversing or setting aside that portion of the April 7, 2005 Order, striking any experts disclosed by Defendants after March 25, 2005 (if any) or otherwise prohibiting such disclosure, and entering such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP

/s/ William R. Bay
William R. Bay # 06181670
Francis X. Buckley, Jr. # 06185143
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL 62701

/s/ William R. Bay