E-FILED
Monday, 02 May, 2005  03:49:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., ) E. KAY DAVIS, KARL G. DAVIS, ) ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERT**

COMES NOW Plaintiff Daimler Chrysler Services North America LLC ("Chrysler Financial") pursuant to Fed. R. Civ. P. 37(c)(1) and respectfully requests the Court strike Jeff Kimberlin's expert report and preclude Jeff Kimberlin from testifying as an expert for Defendants in the above-captioned lawsuit. In support, Chrysler Financial states as follows:

1. Mr. Kimberlin's report should be excluded and he should be stricken as an expert in the matter in that his report was both untimely and deficient under Fed. R. Civ. P. 26(a)(2)(B). No justification exists for either the delay or the deficiencies and Chrysler Financial has been and will be harmed as a result of Defendants' continued failure to abide by the rules of this Court.

2. Pursuant to the Scheduling Order entered in this case upon recommendation and agreement by the parties, Chrysler Financial was required to disclose any expert witnesses pursuant to Rule 26(a)(2) and complying reports (those required under Rule 26(a)(2)(B)) by February 25, 2005. Defendants then had until March 25, 2005 to disclose any expert witnesses pursuant to Rule 26(a)(2) and complying reports (those required under Rule 26(a)(2)(B)).

3119176

3. Chrysler Financial timely disclosed Michael Cox, of Asset Appraisal Services, on by February 25, 2005 and provided his expert report. Mr. Cox opines that disposition of the tractors at issue (in which Chrysler Financial maintained a security interest) occurred in a commercially reasonable manner. Chrysler Financial did not envision the need for an expert in the matter, but Defendants injected as an affirmative defense that sales were not conducted in a commercially reasonable manner.

4. Mr. Cox's expert report complies with the requirements of Rule 26(a)(2)(B). In addition to the opinions expressed, basis therefore, compensation rate, prior testimony, and qualifications, Mr. Cox provided five volumes (plus a supplement on one additional unit) providing full condition reports, pictures of the units, bid history for the units, auction transaction logs, invoice packets, and release packets. In addition, he reviewed phone records on relevant dates showing the number of dealers faxed sales offerings.

5. By March 25, 2005, Defendants had yet to retain an expert. On their expert disclosure date, Defendants sought an extension of time to disclose an expert witness pursuant to Rule 26(a)(2). Chrysler Financial opposed the time extension in that Defendants wholly failed to demonstrate good faith or due diligence (as required under both the Federal Rules of Civil Procedure and Local Rules of this Court) in their attempts to comply with the Scheduling Order and timely disclose any expert on their defense or other issues.

6. Magistrate Judge Evans ultimately granted Defendants' motion for time extension in an April 7, 2005 Order, permitting Defendants until April 15, 2005 to disclose an expert and produce his/her report. At the same time, Magistrate Judge Evans granted Chrysler Financial's motion to compel overdue interrogatory answers and document production requiring complete responses by the same date, April 15, 2005. It was understood at the hearing on said motions that Defendants would have all such documentation in the hands of

Chrysler Financial's counsel by April 15, 2005 because of the rapidly approaching discovery close and that Defendants would make any disclosed expert available for deposition at the convenience and demand of Chrysler Financial.

7.      Counsel for Chrysler Financial received no documents from Defendants on April 15, 2005 as contemplated at the hearing and agreed to by Defendants' counsel. Defendants' counsel did not call, fax, e-mail or otherwise communicate with Chrysler Financial's counsel on April 15, 2005. Apparently, Defendants' counsel sent interrogatory answers, responses to document requests, and limited documents by mail on April 15, 2005 to Chrysler Financial's counsel and filed a certificate of service so stating with the Court.

8.      Of significance, the Certificate of Service filed by Defendants' counsel makes no mention of service of an expert report. There was no cover letter with the mailing stating that Defendants had enclosed their expert report. Upon receipt of the mailing, counsel for Chrysler Financial found no Rule 26(a)(2) expert report. Indeed, no expert report was contained in the documents mailed and received.

9.      Deeming Defendants to have waived their rights to produce a Rule 26(a)(2) report and rely upon an expert in this case for failure to comply with even the extension order, counsel for Chrysler Financial faxed and mailed a letter on April 20, 2005 explaining that no report had been received and that Chrysler Financial deemed Defendants' right to produce and rely on such a report waived. In addition, the letter set forth numerous deficiencies contained in the discovery responses. A copy is attached as Exhibit 1.

10.     Chrysler Financial received no response to the April 20, 2005 letter. The following day, April 21, 2005, Chrysler Financial filed its objections/appeal to Magistrate Judge Evans' April 7, 2005 Order extending Defendants' expert deadline. While it appeared that no expert had been disclosed within the extended deadline (mooting any objection or appeal),

Chrysler Financial filed out of an abundance of caution to preserve the appeal, so noting in both the objection and supporting memorandum.

11. After the filing of the objection, counsel for the parties engaged in several telephone calls pertaining to the case. In one such call, Defendants' counsel mentioned Mr. Kimberlin's expert report. Counsel for Chrysler Financial advised that no such report had been provided or received, as explained in both Chrysler Financial's April 20, 2005 letter, the objection filed earlier that day, and the memorandum in support of such objection. Defendant's counsel said that he would fax the report.

12. Counsel for Chrysler Financial received the expert report at approximately 5:00 p.m. on April 21, 2005 via facsimile. To this date, Chrysler Financial has yet to receive a clean (mailed) copy of the expert report. A copy of the facsimile received is attached hereto as Exhibit 2 and incorporated by reference as if set forth fully herein.

13. The report is from Jeff Kimberlin, who indicates that he is an employee of Crossroads Ford Truck Sales in Springfield, Illinois. Mr. Kimberlin apparently acted as salesman on Defendants' account since 1993.

14. Even assuming, *arguendo*, that the Court does not grant Chrysler Financial's objection to Magistrate Judge Evans' April 7, 2005 Order extending Defendants' disclosure deadline until April 15, 2005 (which it should in that Defendants failed to meet the good faith and due diligence standard to justify such an extension), it should strike Mr. Kimberlin as an expert in the case for two additional reasons: (a) the report is untimely (even under the objected to time extension); and (b) the report does not comply with Fed. R. Civ. P. 26(a)(2)(B).

15. As stated above, Defendants injected the issue of commercial reasonable sales in the case by means of their affirmative defenses. To that end, it is certainly curious that Defendants could not comply with the March 25, 2005 disclosure deadline, particularly when

Chrysler Financial actually disclosed its expert first on an issue raised in Defendants' affirmative defenses. More troubling is that despite stiff warning from Magistrate Judge Evans at the April 7, 2005 hearing on Defendants' extension motion that Defendants were throwing themselves on the mercy of the Court and promises from Defendants' counsel that a report (and complete discovery responses) would be in hand by April 15, 2005, Defendants failed to provide the expert report until April 21, 2005 when prompted by Chrysler Financial's inquiry after prior notice that no such report had been received

16. Prior to the 1993 amendments to Rule 26, information required to be disclosed about the "substance" of an expert "was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." Rule 26, Advisory Committee Notes, 1993 Amendments, Subdivision (A), paragraph (2). The report requirements were adopted, at least in part, to reduce deposition length and/or eliminate the need to take expensive expert depositions entirely. *Id.*

17. As such, Rule 26(b)(2) *requires* that all expert reports contain: (a) a complete statement of all opinions to be expressed; (b) set forth the basis and reasons therefor; (c) identify the data or other information considered by the witness in forming the opinions expressed; (d) identify any exhibits to be used as a summary of or support for the opinions; (e) list the qualifications of the witness including any publications authored by the witness within the preceding ten years; (f) set forth the compensation to be paid; and (g) list any other cases in which the witness has testified as an expert at trial or deposition in the last four years.

18.     Mr. Kimberlin's 3 page report arguably contains (a) – the statement of opinion to be expressed.[1]  Mr. Kimberlin concludes sales of 13 tractors did not occur in a commercially reasonable manner.  Unfortunately, compliance ends there and the report falls short with regard to the remaining items (b), (c), (d), (e), (f), and (g).  In that order:

(b)     The report fails to delineate the basis for Mr. Kimberlin's opinion.  Apparently, he believes that there is a shortfall of between $42,923 and $63,923 based on his opinion of fair market retail values of reconditioned tractors.  Of course, his ultimate opinion is that 13 tractors at issue were sold in a commercially unreasonable manner, while others at issue were apparently sold in a commercially reasonable manner (including those that he purchased).  This is quite frankly nonsensical in that all of the tractors at issue were sold in the exact same manner as described by Chrysler Financial's expert.  The difference between the actual sale price and retail or achievable sales prices (even if it Kimberlin were correct, which is not admitted) is not the relevant test.  It is whether or not the sales were commercially reasonable.  No basis is contained in the report for his one sentence opinion that sales of "thirteen (13) tractors were not done in a commercially reasonable manner" because fair wholesale value is not a basis as stated explicitly in the Uniform Commercial Code, which is the defense asserted by Defendants.

(c)     The report fails to identify the information relied on by Mr. Kimberlin in forming his opinions.  He did not look at the vehicles.  He did not try to sell the vehicles.  He apparently relied on "supplied documentation", his experience, and information available to him as part of his day-to-day practice.  Of course, Chrysler Financial is left to guess what documentation was supplied (and relied on) and what is available during his day-to-day practice (that he relied on) to support his opinions in contravention of the applicable rules.

(d)     No exhibits are identified and it is assumed none exist.  Somehow, Mr. Kimberlin claims to know range that 1999 and 2000 Sterling tractors retail, regardless of the mileage and condition despite the lack of exhibits.  Again, Chrysler Financial is left to guess as to what Mr. Kimberlin is referring to when he sets forth retail prices for used tractors.

(e)     With regard to qualifications, Mr. Kimberlin attached no curriculum vitae or resume.  In his defense, he states that he is currently a used truck sales manager for his employer and that the job involves evaluation and appraisal of used tractors for purchase and sale.  Chrysler Financial is, however, unable to determine from those statements whether Mr. Kimberlin is qualified or not to render his expert opinions or whether deposition should be pursued in an effort to disqualify Mr.

---

[1] This motion is not directed at either the reliability of that opinion or Mr. Kimberlin's ability or qualifications to render such an opinion.

Kimberlin as an expert. As far as Chrysler Financial knows, Mr. Kimberlin became Used Truck Sales Manager in April 2005 and has yet to have any involvement with the sale of the type of vehicles at issue or sales in the manner utilized in the present case. Apparently, Mr. Kimberlin also performed warranty work, previously sold the Defendants vehicles, and worked for the same employer (in some unknown capacity) for nearly two decades. None of those statements provides any description of his qualifications to render opinions on commercially reasonable sales.

(f)    The report makes no mention of the compensation to be paid. This could be significant on both cross-examination at trial (should Chrysler Financial decide to forego deposition) or even if deposition is to proceed. Again, the requirement set forth in Rule 26(b)(2) is explicit and there should have been no confusion. As set forth in the Advisory Committee Notes, the drafters envisioned counsel assisting to ensure the report complies with the rule (utilizing an example of an automobile mechanic). Fed. R. Civ. P. 26(b)(2), Advisory Committee Notes, 1993 Amendments, Subdivision a, Paragraph 2. While Mr. Kimberlin may not be familiar with the Federal Rules, Defendants are represented by Counsel to whom the report is addressed. It should not have been difficult to provide Chrysler Financial with that required by the Federal Rules.

(g)    The report does not identify prior expert testimony within the last four years. If Mr. Kimberlin provided no such testimony, the report should have stated just that. Chrysler Financial should not be left to guess as to such matters. That is the exact reason why amendments to Rule 26 were adopted in 1993 – to eliminate the guesswork, gamesmanship, and surprise.

19.    Chrysler Financial received the report at the end of the day on April 21, 2005. The report did not and does not comply with Fed. R. Civ. P. 26(b)(2). Discovery closes in this case on May 11, 2005. As explained to the Court in both written opposition and during oral argument at hearing of Defendants' extension motion, Chrysler Financial is being prejudiced by Defendants' failure to comply with the applicable rules.

20.    Chrysler Financial has complied with all applicable rules and deadlines. It timely disclosed its expert and his report that satisfied the requirements described above.

21.    Chrysler Financial should not be forced to continue to suffer prejudice because of Defendants' inability to do that which is required of them under the applicable Federal Rules and the Local Rules of this Court. Because of receipt of the late report, which provided insufficient information, Chrysler Financial has no time to subpoena records prior to

deposition, chase down transcripts from other matters, or otherwise prepare for a deposition that may be unnecessary had Defendants provided that required in a Rule 26(b)(2) report.

22.     Based on the foregoing reasons, the Court should strike Mr. Kimberlin's expert report and otherwise prevent Mr. Kimberlin from providing expert testimony in the case.

23.     Chrysler Financial has filed contemporaneously herewith its memorandum in support of this motion setting forth the applicable law and additional argument. Chrysler Financial incorporates that memorandum by reference as if set forth fully herein.

WHEREFORE, Chrysler Financial respectfully requests that the Court strike Mr. Kimberlin's expert report, preclude Mr. Kimberlin from providing expert testimony in this case on behalf of Defendants, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

 /s/ Matthew S. Darrough
William R. Bay # 06181670
Matthew S. Darrough, #06257045
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 2, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701

                                             /s/  Matthew S. Darrough