# THOMPSON COBURN

*Thompson Coburn LLP*
*Attorneys at Law*

One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
www.thompsoncoburn.com

April 20, 2005

Mona E. Lawton
314-552-6148
FAX 314-552-7148
EMAIL mlawton@
thompsoncoburn.com

**VIA FACSIMILE & REGULAR MAIL**
Howard A. Peters, IV
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL 62701

Re:   *DaimlerChrysler v. Davis Truck Service, Inc.*

Dear Mr. Peters:

We are in receipt of your clients' responses to Plaintiff's First Set of Interrogatories, First Request for Production, and First Requests for Admissions, received in our office on April 16, 2005 (despite your statement to the Court that interrogatory answers and documents would be in our possession no later than April 15, 2005).

As an initial matter, we are uncertain why you have provided responses to the requests for admissions. We have yet to make any comparisons between those responses recently received and those unverified responses previously received. Regardless, as we stated to both you and the Court at the recent hearing, we deem each and every one of the requests admitted by your clients for failure to timely respond. Neither your previously unverified responses nor your verified April 15, 2004 responses were timely served and thus are deemed admitted under the rules. Our motion to compel did not pertain to the requests for admissions that we deemed admitted.

According to Magistrate Judge Evans' April 7, 2005 Order, Defendants also had until April 15, 2005 to designate an expert witness and provide a Rule 26 report. We did not receive any such disclosure or Rule 26 report and thus, deem your clients' right to designate an expert in this matter to be waived.

Additionally, Defendants' responses to the written discovery (interrogatories and document requests) are deficient. With respect to Interrogatory No. 2 and Request to Produce Nos. 1, 2, and 9, the discovery seeks information and documents in Defendants' possession. Your response to each was that on information and belief, Chrysler Financial has responsive documents, including those attached to the Complaint. It is immaterial and nonresponsive that Plaintiff has

3113701


EXHIBIT
1

April 20, 2005
Page 2

responsive documents. If Defendants have documents or information responsive to these requests, please produce them no later than Friday, April 22, 2005. If Defendants have no such documents or information, please amend your discovery responses accordingly by the same date.

Defendants' answer to Interrogatory No. 4 is incomplete, as it did not properly identify the individuals or state the substantive knowledge of the persons identified in the answer. Please provide complete answers to subparts (a)-(f) no later than April 22, 2005, stating with particularity the substance of each persons' knowledge.

Defendants' answer to Interrogatory No. 5 is incomplete, as it does not identify the current and former officers and directors of Defendant Davis Truck, or any individuals or entities who have held an ownership interest in Davis Truck since its incorporation. Please provide complete answers to subparts (c)-(g) no later than April 22, 2005.

Defendants' response to Request to Produce No. 21 is incomplete, as it failed to provide Davis Truck's financial statements for the past five (5) years. Please provide financial statements for the years 2000 and 2001 no later than April 22, 2005.

On numerous occasions, Defendants only state in response that "investigation still continues". Oddly, this often occurs with respect to issues raised by Defendants in their affirmative defenses (see answers to Interrogatory Nos. 8, 9, 10 and 14; Requests to Produce Nos. 3, 17, and 20). As you know, these discovery responses were already several weeks overdue and the discovery cutoff is just around the corner. During the parties' conference with Judge Evans on April 7, 2005, you represented that you would be providing *complete* responses to the outstanding discovery. Defendants' responses are incomplete and not in compliance with the Court's April 7 Order. It is inexplicable why Plaintiff would have to wait weeks to be informed that Defendants' "investigation still continues" with respect to Defendants' affirmative defenses (which presumably you had a good faith basis for asserting in the first instance). Please provide complete responses to the above-referenced discovery no later than Friday, April 22, 2005.

As detailed above, we did not receive an expert report and thus, view your clients to have waived their right to disclose an expert in this matter. In responding to a number of the discovery requests (Request to Produce No. 11, 12, 16, and 23 and Interrogatory Nos. 6 and 7), you have identified Michael Cox, his witness statement, and his supporting documentation. While we recognize the right to reference documentation in response to an interrogatory answer, the burden of deriving or ascertaining the answer must be substantially the same for the party serving the interrogatory as the burden for the party served. In that these interrogatories pertain to your clients' affirmative defenses, it is certainly perplexing how a report from an expert opining that the dispositions occurred in a commercially reasonable manner could support your contentions. As stated in the interrogatories, we asked that you identify with particularity the facts supportive of your contentions. If you contend those facts are contained in Mr. Cox's information, please

3113701

April 20, 2005
Page 3

identify such facts with particularity by Friday, April 22, 2005. We propounded the written discovery to eliminate this type of guesswork prior to depositions.

Please consider this Plaintiff's good faith attempt to resolve this matter without further court intervention.

Finally, I have made numerous requests for dates on which Defendants would be available for deposition. As I have not received a response, I propose that we take the depositions of Davis Truck's 30(b)(6) representative, Karl Davis and E. Kay Davis on May 3, 2005, beginning at 9:00 a.m. in our offices. I will send out the appropriate Notices of Deposition immediately.

Very truly yours,

Thompson Coburn LLP

By *Mona Lawton*
Mona E. Lawton

MEL/rje
Enclosure

```
**  Transmit Conf. Report  **
P.1                                              Apr 20 2005  17:32
```

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 2663#42667#47152#121775382 | NORMAL | 20,17:32 | 0'56 | 4 | O K | |

# THOMPSON COBURN

*Thompson Coburn LLP*
*Attorneys at Law*

One US Bank Plaza
St. Louis, Missouri 63101-1693
314-552-6000
**FAX 314-552-7000**
www.thompsoncoburn.com

## *Facsimile*
FOR IMMEDIATE DELIVERY

| To | Firm Name | Phone | Fax |
|---|---|---|---|
| Howard Peters, IV | Scott & Scott, P.C. | 217-753-8200 | 217-753-8206 |
| | | | |
| | | | |
| | | | |
| | | | |

**From:** Mona Lawton

**Date:** April 20, 2005

**Message:**

Atty/Client/Matter No.:  2663: 42667/47152

Total Number of Pages, including this page:  4

If you do not receive all of the pages, please call **314-552-6000** as soon as possible.

Thank you,
Fax Department - Operator: _____    Time of Transmittal: 5:31 A.M./P.M.