E-FILED
Monday, 02 May, 2005  03:58:12 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAIMLERCHRYSLER SERVICES NORTH AMERICA LLC | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 04-3113 |
| DAVIS TRUCK SERVICES, INC., E. KAY DAVIS, KARL G. DAVIS, | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO STRIKE DEFENDANTS' EXPERT**

### I.    INTRODUCTION

This Court should strike Mr. Kimberlin's expert report and preclude Mr. Kimberlin from providing expert opinion testimony for Defendants in this lawsuit. Mr. Kimberlin's expert report was both untimely and deficient under Fed. R. Civ. P. 26(a)(2)(B). No justification exists for either the delay or the deficiencies and Chrysler Financial has been and will be harmed as a result of Defendants' continued failure to abide by the rules of this Court.

### II.    PROCEDURAL HISTORY

**A.    The Original Scheduling Order and Chrysler Financial's Compliance**

Pursuant to the Scheduling Order entered in this case upon recommendation and agreement by the parties, Chrysler Financial was required to disclose any expert witnesses pursuant to Rule 26(a)(2) and complying reports (those required under Rule 26(a)(2)(B)) by February 25, 2005. Defendants then had until March 25, 2005 to disclose any expert witnesses pursuant to Rule 26(a)(2) and complying reports (those required under Rule 26(a)(2)(B)).

3119227

Chrysler Financial timely disclosed Michael Cox, of Asset Appraisal Services, by February 25, 2005 and provided his expert report. Mr. Cox opines that disposition of the tractors at issue (in which Chrysler Financial maintained a security interest) occurred in a commercially reasonable manner. Chrysler Financial did not envision the need for an expert in the matter, but Defendants injected as an affirmative defense that sales were not conducted in a commercially reasonable manner.

Mr. Cox's expert report complies with the requirements of Rule 26(a)(2)(B). In addition to the opinions expressed, basis therefore, compensation rate, prior testimony, and qualifications, Mr. Cox provided five volumes (plus a supplement on one additional unit) providing full condition reports, pictures of the units, bid history for the units, auction transaction logs, invoice packets, and release packets. In addition, he reviewed phone records on relevant dates showing the number of dealers faxed sales offerings.

**B.     Defendants' Extension Motion**

By March 25, 2005, Defendants had yet to retain an expert. On their expert disclosure date, Defendants sought an extension of time to disclose an expert witness pursuant to Rule 26(a)(2). Chrysler Financial opposed the time extension in that Defendants wholly failed to demonstrate good faith or due diligence (as required under both the Federal Rules of Civil Procedure and Local Rules of this Court) in their attempts to comply with the Scheduling Order and timely disclose any expert on their defense or other issues.

Magistrate Judge Evans ultimately granted Defendants' motion for time extension, permitting Defendants until April 15, 2005 to disclose an expert and produce his/her report. April 7, 2005 Text Order. At the same time, Magistrate Judge Evans granted Chrysler Financial's motion to compel overdue interrogatory answers and document production requiring complete responses by the same date, April 15, 2005. It was understood at the

hearing on said motions that Defendants would have all such documentation in the hands of Chrysler Financial's counsel by April 15, 2005 because of the rapidly approaching discovery close and that Defendants would make any disclosed expert available for deposition at the convenience and demand of Chrysler Financial.

C.     **The Package Mailed April 15, 2005**

Counsel for Chrysler Financial received no documents from Defendants on April 15, 2005 as contemplated at the hearing and agreed to by Defendants' counsel.  Apparently, Defendants' counsel sent interrogatory answers, responses to document requests, and limited documents by mail on April 15, 2005 to Chrysler Financial's counsel and filed a certificate of service so stating with the Court.

Of some significance, the Certificate of Service filed by Defendants' counsel makes no mention of service of an expert report.  There was no cover letter with the mailing stating that Defendants had enclosed their expert report.  Upon receipt of the mailing, counsel for Chrysler Financial found no Rule 26(a)(2) expert report.  Indeed, no expert report was contained in the documents mailed and received.

D.     **Chrysler Financial Deems Defendants To Have Waived Their Right To Disclose An Expert**

Deeming Defendants to have waived their rights to produce a Rule 26(a)(2)(B) report and rely upon an expert in this case for failure to comply with even the extension order, counsel for Chrysler Financial faxed and mailed a letter on April 20, 2005 explaining that no report had been received and that Chrysler Financial deemed Defendants' right to produce and rely on such a report waived.   The letter additionally set forth continued deficiencies contained in the discovery responses received.

Chrysler Financial received no response to the April 20, 2005 letter.  The following day, April 21, 2005, Chrysler Financial filed its objections/appeal to Magistrate Judge Evans' April

7, 2005 Order extending Defendants' expert deadline. While it appeared that no expert had been disclosed within the extended deadline (mooting any objection or appeal), Chrysler Financial filed out of an abundance of caution to preserve the appeal, so noting in both the objection and supporting memorandum.

**D.     Defendants' Expert Report Arrives After The Extended Deadline**

After the filing of the objection, counsel for the parties engaged in several telephone calls pertaining to the case. In one such call, Defendants' counsel mentioned Mr. Kimberlin's expert report. Counsel for Chrysler Financial advised that no such report had been provided or received, as explained in both Chrysler Financial's April 20, 2005 letter, the objection filed earlier that day, and the memorandum in support of such objection. Defendants' counsel promised to fax the report.

Counsel for Chrysler Financial received the expert report at approximately 5:00 p.m. on April 21, 2005 via facsimile. To this date, Chrysler Financial has yet to receive a clean (mailed) copy of the expert report. Exhibit 2 to Motion to Strike. The report is from Jeff Kimberlin, who indicates that he is an employee of Crossroads Ford Truck Sales in Springfield, Illinois. Mr. Kimberlin apparently acted as salesman on Defendants' account since 1993.

### III.     ARGUMENT

Even assuming, *arguendo*, that the Court does not grant Chrysler Financial's objection to Magistrate Judge Evans' April 7, 2005 Order extending Defendants' disclosure deadline until April 15, 2005 (which it should in that Defendants failed to meet the good faith and due diligence standard to justify such an extension), it should strike Mr. Kimberlin as an expert in the case for two additional reasons: (a) the report is untimely (even under the objected to time extension); and (b) the report does not comply with Fed. R. Civ. P. 26(a)(2)(B).

Defendants injected the issue of commercial reasonable sales in the case by means of their affirmative defenses. To that end, it is certainly curious that Defendants could not comply with the March 25, 2005 disclosure deadline, particularly when Chrysler Financial actually disclosed its expert first on an issue raised in Defendant's affirmative defenses. More troubling is that despite stiff warning from Magistrate Judge Evans at the April 7, 2005 hearing on Defendants' extension motion that Defendants were throwing themselves on the mercy of the Court and promises from Defendants' counsel that a report (and complete discovery responses) would be in hand by April 15, 2005, Defendants failed to provide the expert report until April 21, 2005 when prompted by Chrysler Financial's inquiry after prior notice to Defendants that no such report had been received. Upon receipt, Chrysler Financial discovered that the report did not comply with Rule 26(b)(2) leaving Chrysler Financial with little to no idea how Defendants intend to prove their affirmative defense that the sales were not commercially reasonable.[1]

### A.     The Report Should Be Stricken For Untimely Disclosure

As previously stated in Chrysler Financial's March 29, 2005 Memorandum in Opposition, at the April 7, 2005 hearing before Magistrate Judge Evans, and in its April 21, 2005 Objection/Appeal of such a time extension, Defendants should have been precluded from disclosing an expert for failure to disclose in accordance with the Scheduling Order entered in this case. Regardless, even if Magistrate Judge Evans' Order extending Defendants' expert disclosure deadline until April 15, 2005 is upheld, there is no excuse for the disclosure after that date.

---

[1] In answering contention interrogatories directed at such allegations, Defendants failed to identify any facts, documents, or individuals with knowledge supportive of their contentions. Previously, they also failed to timely respond to requests for admissions directed at these very issues (which are deemed admitted according to the rules). The defenses should similarly be stricken from the case.

Because of the shortness of time involved before discovery cut-off, Chrysler Financial has repeatedly stressed the urgency of receiving documents, reports, disclosures, and other information in a timely fashion. Counsel for Chrysler Financial made a point of clarification during the April 7, 2005 hearing to inquire whether it would receive that ordered by April 15, 2005 or whether it would be served April 15, 2005. Counsel for Defendants, at the Court's urging, promised delivery by April 15, 2005.

As stated above, the expert report of Mr. Kimberlin at issue was neither received nor sent by April 15, 2005 (the extended deadline). Defendants' counsel knew Chrysler Financial's needed to receive the report as soon as possible. The report is three pages long and could have been easily faxed, electronically mailed, or otherwise delivered to counsel for Chrysler Financial on April 15, 2005. It was not. Chrysler Financial noted that it had not received any expert report in both an April 20, 2005 letter and in its objections and supporting memorandum filed on April 21, 2005.

Subsequently, Defendants' counsel contacted Chrysler Financial's counsel about the case. No mention of an expert report was made during that telephone conversation. It was only after a follow up call related to the case that Defendants' counsel referenced his expert's opinion. Perplexed by the statement, Chrysler Financial explained it had yet to receive any report. The April 21, 2005 fax of the report is an example of "too little, too late." Defendants have had multiple chances to get this right, and have failed at every turn.

"Courts in the Seventh Circuit routinely bar witnesses from testifying at trial where the witnesses have not been produced in accordance with the court's discovery deadlines, thereby impeding [the] opposing party's opportunity to adequately prepare for trial." *Anglin v. Sears, Roebuck & Co.*, 139 F.Supp.2d 914, 917 (N.D. Ill. 2001) (barring expert witnesses); *Hill v. Porter Memorial Hosp.*, 90 F.3d 220, 224 (7th Cir. 1996) (when one party fails to comply with a

court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence). In fact when a party cannot show that its failure to disclose an expert witness in compliance with Rule 26(a) was justified, Rule 37(c) provides that the party should not be permitted to use as evidence the testimony or report of such expert witness absent justification or lack of harm. Fed. R. Civ. P. 37(c); *Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

This Court has discretion to strike Mr. Kimberlin from the case for the tardiness of the expert report alone. *See, e.g., Salgado v. General Motors* Corporation, 150 F.3d 735 (7th Cir. 1998) (finding district court within discretion to strike expert when report disclosed one business day late after prior extension of schedule to disclose). Based on the procedural history set forth above, in which Defendants failed to provide any explanation of due diligence or good faith for prior disclosure delays, they should not be permitted yet another bite at the apple.

**B.     The Report Should Be Stricken For Failure to Comply With Rule 26**

Prior to the 1993 amendments to Rule 26, information required to be disclosed about the "substance" of an expert "was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." Rule 26, Advisory Committee Notes, 1993 Amendments, Subdivision (a), paragraph (2). The report requirements were adopted, at least in part, to reduce deposition length and/or eliminate the need to take expensive expert depositions entirely. *Id.*; *see also McCloughan v. City of Springfield*, 208 F.R.D. 236 (C.D. Ill. 2002) (noting purpose of expert report to eliminate unfair surprise to opposing party and conserve resources).

As such, Rule 26(b)(2) requires that any and all expert reports contain: (a) a complete statement of all opinions to be expressed; (b) set forth the basis and reasons therefor; (c)

identify the data or other information considered by the witness in forming the opinions expressed; (d) identify any exhibits to be used as a summary of or support for the opinions; (e) list the qualifications of the witness including any publications authored by the witness within the preceding ten years; (f) set forth the compensation to be paid; and (g) list any other cases in which the witness has testified as an expert at trial or deposition in the last four years.

Mr. Kimberlin's 3 page report arguably contains (a) – the statement of opinion to be expressed.[2] Unfortunately, compliance ends there and the report falls short with regard to the remaining items (b), (c), (d), (e), (f), and (g). In that order:

(b)   The report fails to delineate the basis for Mr. Kimberlin's opinion. Apparently, he believes that there is a shortfall of between $42,923 and $63,923 based on his opinion of fair market retail values of reconditioned tractors. Of course, his ultimate opinion is that 13 tractors at issue were sold in a commercially unreasonable manner, while others at issue were apparently sold in a commercially reasonable manner (including those that he purchased). This is quite frankly nonsensical in that all of the tractors at issue were sold in the exact same manner as described by Chrysler Financial's expert. The difference between the actual sale price and retail or achievable sales prices (even if Mr. Kimberlin were correct, which is not admitted) is not the relevant test. It is whether or not the sales were conducted in a commercially reasonable manner. No basis is contained in the report for his one sentence opinion that sales of "thirteen (13) tractors were not done in a commercially reasonable manner" because fair wholesale value is not a basis for lack of commercial reasonableness as stated explicitly in the Uniform Commercial Code, which is the defense asserted by Defendants.

(c)   The report fails to identify the information relied on by Mr. Kimberlin in forming his opinions. He did not look at the vehicles. He did not try to sell the vehicles. He apparently relied on "supplied documentation", his experience, and information available to him as part of his day-to-day practice. Of course, Chrysler Financial is left to guess what documentation was supplied (and relied on) and what is available during his day-to-day practice (that he relied on) to support his opinions in contravention of the applicable rules.

(d)   No exhibits are identified and it is assumed none exist. Somehow, Mr. Kimberlin claims to know the range that 1999 and 2000 Sterling tractors retail, regardless of the mileage and condition despite the lack of

---

[2] This memorandum and related motion are not directed at that the reliability of that opinion or Mr. Kimberlin's ability or qualifications to render such an opinion.

exhibits. Again, Chrysler Financial is left to guess as to what Mr. Kimberlin is referring to when he sets forth retail prices for used tractors.

(e) With regard to qualifications, Mr. Kimberlin attached no curriculum vitae or resume. In his defense, he states that he is currently a used truck sales manager for his employer and that the job involves evaluation and appraisal of used tractors for purchase and sale. Chrysler Financial is, however, unable to determine from those statements whether Mr. Kimberlin is qualified or not to render his expert opinions or whether deposition should be pursued in an effort to disqualify Mr. Kimberlin as an expert. As far as Chrysler Financial knows, Mr. Kimberlin became Used Truck Sales Manager in April 2005 and has yet to have any involvement with the sale of the type of vehicles at issue or sales in the manner utilized in the present case. Apparently, Mr. Kimberlin also performed warranty work, previously sold the Defendants vehicles, and worked for the same employer (in some unknown capacity) for nearly two decades. None of those statements provides any description of his qualifications to render opinions on commercially reasonable sales.

(f) The report makes no mention of the compensation to be paid. This could be significant on both cross-examination at trial (should Chrysler Financial decide to forego deposition) or even if deposition is to proceed. Again, the requirement set forth in Rule 26(b)(2) is explicit and there should have been no confusion. As set forth in the Advisory Committee Notes, the drafters envisioned counsel assisting to ensure the report complies with the rule (utilizing an example of an automobile mechanic). Fed. R. Civ. P. 26(b)(2), Advisory Committee Notes, 1993 Amendments, Subdivision a, Paragraph 2. While Mr. Kimberlin may not be familiar with the Federal Rules, Defendants are represented by Counsel to whom the report is addressed. It should not have been difficult to provide Chrysler Financial with that required by the Federal Rules.

(g) The report does not identify prior expert testimony within the last four years. If Mr. Kimberlin provided no such testimony, the report should have stated just that. Chrysler Financial should not be left to guess as to such matters. That is the exact reason why amendments to Rule 26 were adopted in 1993 – to eliminate the guesswork, gamesmanship, and surprise.

Parties are entitled to the form of report contemplated by Rule 26. A district court has discretion to preclude the testimony of an expert that provides a non-complying report. *See, e.g., Salgado v. General Motors Corporation*, 150 F.3d 735, 742 (7th Cir. 1998) (exclusion is automatic and mandatory unless violation is justified or harmless). A Rule 26(a) report must be detailed and complete. *Id.* at 741 n.6; Fed. R. Civ. P. 26, 1993 Advisory Committee Notes (completeness requirement contemplates the rough equivalent of the expert's direct examination at trial); *see also Benedetti v. Soo Line Railroad Co.*, 2004 WL 2222281 at * 4

(N.D. Ill. Sept. 29, 2004) (failure to identify prior testimony, qualifications, information relied on, or compensation render report deficient). Expert reports must not be sketchy, vague, or preliminary in nature, and should thus include "how" and "why" the expert reached a particular result, not mere conclusory opinions. *Id.* The incentive for compliance is the threat that the expert not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1), which "puts teeth in the rule." *Id.* (citations omitted); *see also Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996) (sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.)

Defendants did not comply with this Court's Orders or the applicable Rules. Neither this Court nor Chrysler Financial should be forced to again tolerate Defendants' disregard for applicable rules in this litigation. Defendants previously thumbed their respective noses at Chrysler Financial when Chrysler Financial attempted to collect the substantial monies loaned, but not repaid. Chrysler Financial was forced to file and pursue this litigation. It should not have to continue to endure such thumbing during the litigation process that is designed to be fair, promote justice, and preserve order and efficiency.

**C.    Chrysler Financial Is Prejudiced**

Chrysler Financial received the report at the end of the day on April 21, 2005. The report did not and does not comply with Fed. R. Civ. P. 26(b)(2). Discovery closes in this case on May 11, 2005. As explained to the Court in both written opposition and during oral argument at hearing of Defendants' extension motion, Chrysler Financial is being prejudiced by Defendants' failure to comply with the applicable rules.

Chrysler Financial has complied with all applicable rules and deadlines. It timely disclosed its expert and his report that satisfied the requirements described above. Chrysler

Financial should not be forced to continue to suffer prejudice because of Defendants' inability to do that which is required of them under the applicable Federal Rules and the Local Rules of this Court. Because of receipt of the late report, which provided insufficient information, Chrysler Financial has no time to subpoena records prior to deposition, chase down transcripts from other matters, or otherwise prepare for a deposition that may be unnecessary had Defendants provided that required in a Rule 26(b)(2) report.

## IV.    CONCLUSION

Based on the foregoing, the Court should strike Mr. Kimberlin's expert report and otherwise prevent Mr. Kimberlin from providing expert testimony in the case and grant such other relief as the Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

 /s/ Matthew S. Darrough
William R. Bay # 06181670
Matthew S. Darrough, #06257045
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6000
(314) 552-7000 Fax

Attorneys for Plaintiff
DaimlerChrysler Services North America LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Howard A. Peters, IV
R. Stephen Scott
Scott & Scott, P.C.
611 E. Monroe, Suite 200
Springfield, IL  62701

                                                  /s/  Matthew S. Darrough